679 So.2d 1242 (1996)
Idris ULLAH, Appellant,
v.
STATE of Florida, Appellee.
No. 95-4157.
District Court of Appeal of Florida, First District.
September 5, 1996.
*1243 Nancy A. Daniels, Public Defender, and Phil Patterson, Assistant Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Attorney General, and James W. Rogers, Senior Assistant Attorney General, Tallahassee, for appellee.
PER CURIAM.
Appellant moves to strike appellee's answer brief, which contains several pages listing unrelated cases in which briefs pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), were filed. Appellant asserts that these matters are not apparent of record in this proceeding, and are irrelevant to the disposition of this appeal. Appellant further shows that similar material was stricken in an answer brief filed in another case by present counsel for the state, and seeks an order imposing sanctions against counsel for his repeated defiance of the court's orders.
We issued an order directing the state to show cause why the motion to strike and for sanctions should not be granted. In opposing the request for sanctions, appellee argues that the prior order was entered without offering the state the opportunity to contest the point, struck the material without offering guidance or explanation, and was unpublished and thus of no precedential value in this appeal.[*] Although the motion and response in this case make reference to only one prior order granting a motion to strike similar material, this is but one of the more recent in a spate of motions addressing the identical issue. Previous motions of this nature have been granted by unpublished order, but we now elect to publish this opinion in an effort to forestall the need for future motions of this kind and to provide counsel for appellee with the guidance and precedent he seeks.
Following a jury trial, appellant was convicted of various offenses and received a sentence of life imprisonment with a 25 year minimum mandatory term. Appellant's appointed counsel in this proceeding has filed a brief pursuant to Anders, indicating that he can discern no reversible error in the proceedings below. Consistent with this court's *1244 decision in Smith v. State, 496 So.2d 971 (Fla. 1st DCA 1986), appointed counsel addresses each of the judicial acts to be reviewed identified by trial counsel, and concludes that these matters do not warrant reversal. In further compliance with Forrester v. State, 542 So.2d 1358 (Fla. 1st DCA 1989), approved in part and quashed in part, 556 So.2d 1114 (Fla.1990), counsel identifies another issue that arguably might support the appeal, but ultimately determines that this issue likewise does not justify reversal. In response, the state has filed an answer brief, and includes therein a preliminary statement, comprising some three and one-half pages, in which it is noted that this is "another" Anders appeal in which appellate counsel represents that no good faith argument can be made for reversible error. The state then lists 112 other pending appeals in which Anders briefs have been filed this calendar year, and suggests that these cases should be submitted to an "Anders panel" for determination of the common question of whether the appeal is wholly frivolous or requires adversarial briefing on an arguable issue of reversible error.
It is elemental that an appellate court may not consider matters outside the record, and when a party refers to such matters in its brief, it is proper for the court to strike same. See Thornber v. City of Fort Walton Beach, 534 So.2d 754 (Fla. 1st DCA 1988), and cases cited therein. While not disputing appellant's claim that the matters set forth in its preliminary statement are not apparent of record, appellee presents the following three related arguments in opposition to the motion to strike: (1) the state has a due process right to set out its legal position in its brief and to point out to the court and opposing counsel the common issue involved in this and other Anders appeals; (2) this court has a standing policy of requiring all appellants to file a docketing statement listing pending cases involving similar issues which are otherwise unrelated, and appellant's failure to disclose other pending Anders appeals in his docketing statement justifies inclusion of this material in the answer brief; and (3) appellant's claim that these matters are inappropriate because they are not referred to in the record on appeal in this case is contrary to the foregoing policy. We reject each of these arguments.
We acknowledge the state's right to present argument on appeal, but that right is necessarily limited to presenting argument relevant to the appeal in which the brief is filed. Other pending cases in which Anders briefs have been filed are simply not relevant to this court's determination of the merits of this appeal. The procedural requirements associated with an Anders appeal are succinctly outlined in In re Anders Briefs, 581 So.2d 149 (Fla.1991), and a fundamental element of that process involves a conscientious and full review, first by appointed counsel, and then independently by the appellate court, for the purpose of discovering any arguable issues apparent on the face of the record. Id. at 151. It is evident that this court's review of this appeal is predicated on an examination of the record in this case, and reference in the answer brief to other pending cases involving entirely distinct records, whose commonality or relation to the instant appeal is limited to the process by which review is undertaken, is wholly inappropriate. Appellee's suggestion otherwise, predicated on the claim that all Anders cases present the common issue of whether the appeal is wholly frivolous, ignores the fact that our review in this appeal is limited to the record of proceedings as they occurred in this case. This argument is akin to suggesting that reference to any other pending appeal in a brief before this court is necessarily appropriate because all appeals, at their heart, present the common question of whether reversible error occurred in the proceedings below.
Equally meritless is appellee's claim that inclusion of this material in the answer brief is appropriate as a means for complying with its obligation under this court's policy concerning docketing statements. We first note that this policy requires the filing of a docketing statement by appellant, but does not require one of appellee unless there are amendments, corrections, or additions to the docketing statement filed by appellant. In such a circumstance, appellee's docketing statement is due no later *1245 than the answer brief. This policy does not, however, permit the inclusion of irrelevant and immaterial matters in the answer brief under the guise of complying with the docketing statement requirements, and instead calls for the filing of a separate docketing statement by appellee. More to the point, although the docketing statement directs the disclosure of cases involving similar issues but which are otherwise unrelated, we reject appellee's contention that otherwise unrelated Anders appeals fall within this category.
Because this opinion has precedential value, we are confident that counsel for appellee will not in the future include the type of non-record, irrelevant material alluded to above in answer briefs filed on behalf of the state. In the belief that this opinion will serve to advise the judgment of counsel, we decline to impose sanctions as requested by appellant. However, we grant appellant's motion to strike and hereby strike the answer brief filed herein and afford appellee ten (10) days from the date hereof to file an amended answer brief deleting any reference to other Anders appeals pending before the court.
MINER, ALLEN and WEBSTER, JJ., concur.
NOTES
[*] We reject counsel's claim that the prior order was entered without affording the state the opportunity to be heard. The motion to strike in that case was granted only after time for responding to the motion, as established by Florida Rule of Appellate Procedure 9.300(a), had expired and no timely response had been received.