697 So.2d 1291 (1997)
Gabriel FISHER, Appellant,
v.
STATE of Florida, Appellee.
No. 96-2103.
District Court of Appeal of Florida, First District.
August 19, 1997.
Nancy A. Daniels, Public Defender; Fred Parker Bingham II, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; James W. Rogers, Senior Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The defendant, Gabriel Fisher, was convicted on two counts of sale of cocaine, in violation of section 893.13(1)(a)1, Florida Statutes. His court-appointed lawyer has filed a brief under the procedure in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). While we find that no reversible error occurred below, we must remand for the correction of several sentencing errors. See Coupe v. State, 564 So.2d 1199 (Fla. 1st DCA 1990), approved as modified on other grounds, In re Anders Briefs, 581 So.2d 149 (Fla.1991). The written orders of probation and community control should be corrected to indicate that Fisher pled not guilty rather than nolo contendere and was *1292 convicted following a jury trial. The orders should also show that his sentences for the two convictions are to run concurrently; court costs of $255, investigative costs of $100, and unspecified fines totaling $700 are stricken, as no statutory authority was cited for their assessment, see Bradshaw v. State, 638 So.2d 1024 (Fla. 1st DCA 1994); and the public defender assessment of $250 is stricken, since the record does not reflect that the trial court gave Fisher notice and an opportunity to be heard as to the amount of this fee at the time of the sentencing hearing. See Fla.R.Crim.P. 3.720(d)(1); Buiey v. State, 583 So.2d 384 (Fla. 1st DCA 1991).
Although the trial judge did not orally pronounce the condition of probation requiring Fisher to submit to random drug testing, we nonetheless affirm this portion of the sentence, because section 948.03, Florida Statutes (1995) provides constructive notice of this condition and expressly states that it may be imposed without oral pronouncement. However, the special conditions of probation and community control that Fisher not enter places that serve alcohol and that he pay for the random drug and alcohol testing are stricken, since the trial court did not announce these conditions orally, as is required in State v. Hart, 668 So.2d 589 (Fla.1996). See also Lutz v. State, 682 So.2d 1175 (Fla. 2d DCA 1996).
On remand, the trial court may not reimpose the special conditions we have stricken here. See Justice v. State, 674 So.2d 123 (Fla.1996). The trial court may reimpose the stricken costs or fines if it identifies the nature of and statutory authority for their assessment and, for any discretionary fines or costs, allows Fisher notice and an opportunity to contest them. However, any fee originally imposed pursuant to section 939.01(1), Florida Statutes, may not be reimposed on remand, as the record contains no request by the state for such a fee. See Madison v. State, 664 So.2d 1140, 1141 (Fla. 5th DCA 1995). Finally, the trial court must also identify the statutory authority for the public defender fee (section 27.56, Florida Statutes) and allow the defendant notice and an opportunity to contest the amount of the fee before it may reimpose it. See Buiey.
Affirmed in part and reversed in part.
ALLEN, WEBSTER and PADOVANO, JJ., concur.