ON ORDERS TO SHOW CAUSE

PER CURIAM.
We have consolidated these three An-ders [1] cases for the purpose of issuing an opinion addressing the state’s answer briefs, which contain irrelevant and immaterial argument. Although the state ultimately withdrew all of its briefs in response to our orders to show cause why the briefs should not be dismissed, we write, as we did in Ullah v. State, 679 So.2d 1242 (Fla. 1st DCA 1996), to provide guidance in future Anders appeals.
In each of these appeals, the appellant’s counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The Florida Supreme Court summarized the procedure required by Anders as follows:
In Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), the United States Supreme Court determined that every criminal defendant is entitled to representation of counsel under the sixth and fourteenth amendments of the United States Constitution in the first appeal as of right. See Penson v. Ohio, 488 U.S. 75, 79, 109 S.Ct. 346, 349, 102 L.Ed.2d 300 (1988). This right is premised on the general notion that there is no assurance they will get a fair result absent the vigorous representation of a trained legal advocate. Id. at 84, 109 S.Ct. at [351]. Essentially, An-ders operates as a narrow exception to that right of counsel by enabling courts to entertain an appeal as of right without counsel when counsel believes the appeal is wholly without merit. Id. at 83, 109 S.Ct. at 351. “However, once a court determines that the trial record supports arguable claims, there is no basis for the exception and, as provided in Douglas, the criminal appellant is entitled to representation.” Id. at 84, 109 S.Ct. at 351.
The procedure established in Anders and its progeny requires an indigent’s appellate counsel to “master the trial record, thoroughly research the law, and exercise judgment in identifying the arguments that may be advanced on appeal .... Only after such an evaluation has led counsel to the conclusion that the appeal is ‘wholly frivolous’ is counsel justified in making a motion to withdraw.” McCoy v. Court of Appeals, 486 *939 U.S. 429, 438-39, 108 S.Ct. 1895, 1902-1903, 100 L.Ed.2d 440 (1988) (footnote omitted). That motion, however, must be accompanied by an appellate brief referring to every arguable legal point in the record that might support an appeal. Id. at 439, 108 S.Ct. at 1902; Penson, 488 U.S. at 80, 109 S.Ct. at 349; Anders, 386 U.S. at 744, 87 S.Ct. at 1400; see also In re Order of the First Dist. Court of Appeal Regarding Brief Filed in Forrester v. State, 556 So.2d 1114 (Fla.1990).
Upon counsel’s submission of the motion to withdraw accompanied by an An-ders brief, the indigent must be given the opportunity to file a pro se brief. See Anders, 386 U.S. at 744, 87 S.Ct. at 1400 (“A copy of counsel’s brief should be furnished the indigent and time allowed him to raise any points that he chooses”). The appellate court then assumes the responsibility of conducting a full and independent review of the record to discover any arguable issues apparent on the face of the record. See Anders, 386 U.S. at 744, 87 S.Ct. at 1400; State v. Causey, 503 So.2d 321, 322 (Fla.1987). If the appellate court finds that the record supports any arguable claims, the court must afford the indigent the right to appointed counsel, Penson, 488 U.S. at 83, 109 S.Ct. at 351; McCoy, 486 U.S. at 444, 108 S.Ct. at 1904; Anders, 386 U.S. at 744, 87 S.Ct. at 1400, and it must give the state an opportunity to file a brief on the arguable claims. Causey, 503 So.2d at 322. However, the appellate court is to conduct its full and independent review even if the indigent elects not to file a pro se brief. Id. Only if the appellate court finds no arguable issue for appeal may the court grant counsel’s motion to withdraw and proceed to consider the appeal on its merits without the assistance of defense counsel. Penson, 488 U.S. at 80, 109 S.Ct. at 349.
In re Anders Briefs, 581 So.2d 149, 150-51 (Fla.1991) (emphasis added).
The court further stated:
[I]ndigents in their first appeal as of right should not lose their Anders rights simply because counsel are able to identify some relatively minor sentencing issues in “no merit” briefs.... Therefore, appellate courts are to follow the Anders procedure fully even when costs or other minor sentencing errors are raised in “no merit” briefs[.]
Id. at 152.
Despite the above clearly described procedures the Florida Supreme Court outlined a dozen years ago, the state has continually filed briefs in Anders appeals that do not address arguable claims. To the contrary, the state’s answer briefs in cases in which an appellant has filed a pro se brief, as in Baldwin, inform us that our standard of review is to determine by review of the record whether counsel was ineffective in overlooking arguably reversible error and in certifying that the appeal was wholly frivolous. The state next asserts that appellant has the duty under state law to bring forth a record on appeal and to submit a brief that makes error clearly appear. Appellant’s failure to show error, it continues, constitutes a waiver of all appealable issues under state law. For purposes of subsequent postconviction proceedings, “the state specifically notes and brings to appellant’s attention that the failure to raise any arguably reversible error on direct appeal proeedurally bars raising in postconviction proceedings pursuant to Florida Rule of Criminal Procedure 3.850 any issues which could have, should have, or were raised on direct appeal.” Such failure also waives such issues for federal habeas corpus relief. Additionally, the state contends that appellant, by filing a *940 pro se brief, has asserted a de facto claim of ineffective assistance of appellate counsel, which this court should address. Af-firmance in this case constitutes a denial of appellant’s pro se claim of ineffective assistance of appellate counsel and therefore bars any future claim based on failure to raise arguably reversible error.
The state concludes that it “explicitly makes the above points for the benefit of the appellant because, should there be any subsequent postconviction claims in either state or federal court, the state will rely on its argument here that appellant has personally waived his right to raise additional issues on direct appeal not raised in the pro se brief and, concomitantly, has waived his right to make claims of ineffective assistance of appellate counsel based on grounds not raised in the pro se brief.”
Similar arguments are set forth in answer briefs filed in cases in which the appellant has elected not to file a pro se brief, such as the Young cases. The state’s answer briefs rarely, if ever, respond to any of the issues raised by appellant’s counsel or appellant. None of the authorities the state cited in its briefs authorizes it to file such a brief under the circumstances presented. In fact, In re Anders Briefs explicitly provides that the state need only be given an opportunity to respond if this court discovers an issue of apparent merit.
We conclude that the state’s arguments, as outlined above, are irrelevant and immaterial to any arguable issue on appeal that this court could decide. Compare Ullah v. State, 679 So.2d 1242 (Fla. 1st DCA 1996). In fact, they appear to be made for the sole purpose of making veiled threats to appellants that their failure to argue issues of merit on direct appeal may bar them from later asserting collaterally issues that should initially have been brought to the attention of the court.
Because the state has withdrawn its answer briefs in these three cases, it is unnecessary for this court to strike them. In the future, any brief filed by the state containing irrelevant material not responsive to the issues raised by appellant’s counsel or appellant will be struck without prior order of this court.
The orders to show cause are DISCHARGED.
ERVIN, BARFIELD and ALLEN, JJ., CONCUR.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).