KELLY, Judge.
In this Anders[1] appeal, Marvalius Laclut Swift challenges his convictions and sentences for possession of cocaine and possession of cocaine with intent to sell within 1000 feet of a church. After a thorough review of the record, we have found no reversible error and affirm Mr. Swift’s judgments and sentences. However, we agree with Mr. Swift’s contention that the trial court erred in imposing certain costs under sections 938.05(1) and 938.29(l)(a), Florida Statutes (2008), as he asserted in a timely motion to correct sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(b)(2).
Mr. Swift correctly contends that the assessment of $225 to the Criminal Justice Trust Fund must be reduced to $200 based on the version of section 938.05(l)(a) in effect at the time of his offenses. See § 938.05(l)(a), Fla. Stat. (2007); Torres v. State, 42 So.3d 914, 915 (Fla. 2d DCA 2010). With respect to the imposition of a $100 public defender fee, Mr. Swift is also correct that under the applicable version of the statute, he would only be liable for such fee if the trial court pronounced it at sentencing and informed him of his right to contest the amount at a hearing. See § 938.29(l)(a), Fla. Stat. (2007). Although it appears from the record that Mr. Swift disagreed with the amount of the fee awarded, it is not clear whether the court properly advised him of his right to a hearing to contest the amount. We therefore strike the public defender fee without prejudice to it being reimposed on remand after the proper procedures are followed. See Del Valle v. State, 26 So.3d 650, 651 (Fla. 2d DCA 2010). Finally, as to the $3 fee to “Teen Court Fund” under section 938.19, we affirm the assessment but remand for the trial court to correct the amended order assessing fines and costs to reflect the applicable ordinance in accordance with Ayoub v. State, 901 So.2d 311, 315 (Fla. 2d DCA 2005).
Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.
WHATLEY and CRENSHAW, JJ., Concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).