PER CURIAM.
 

 Jamarl Vaughn, the appellant, raises four issues on appeal. We affirm the first two without discussion. However, we reverse and remand the remaining two issues for correction of sentencing errors.
 

 The state correctly concedes that the court’s written order imposing Vaughn’s sentence conflicts with the court’s oral pronouncement regarding credit for time
 
 *139
 
 served. A written sentence that conflicts with an oral pronouncement of a sentence is an illegal sentence, and may be remedied in a rule 3.800 proceeding.
 
 Allwine v. State,
 
 42 So.3d 291, 293 (Fla. 4th DCA 2010) (citing
 
 Williams v. State,
 
 957 So.2d 600, 603 (Fla.2007)). Vaughn preserved the sentencing errors by filing a motion to correct his sentence pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). Because this motion was not ruled upon within 60 days, it is considered to have been denied. Fla. R.Crim. P. 3.800(b)(2)(B). Accordingly, we reverse and remand with directions to the trial court to correct the written sentence in accordance with the oral pronouncement.
 

 Next, the state properly concedes error in the trial court’s imposition of Sheriffs Investigatory costs, Prosecution Investigatory costs, and the Public Defender fee. The investigatory costs were not announced at sentencing and there is no record evidence that they were requested or documented by the state. Thus, these costs should be stricken.
 
 Parker v. State,
 
 44 So.3d 1190, 1191 (Fla. 1st DCA 2010) (striking Sheriffs Investigatory Costs and the Prosecution Investigatory costs where “there is no record indication that the State requested or demonstrated these costs as required under the statute”). On remand, the state may not seek to reimpose these costs because the record does not demonstrate that the state requested these costs.
 
 Fisher v. State,
 
 697 So.2d 1291, 1292 (Fla. 1st DCA 1997).
 

 Finally, the state properly concedes that that the Public Defender fee should be stricken because the trial court did not advise Vaughn of his right to contest the amount.
 
 See
 
 § 938.29(5), Fla. Stat.; Fla. R.Crim. P. Rule 3.720(d)(1). For this reason, the Public Defender fee must be stricken. On remand, the trial court is directed to advise Vaughn of his right to a hearing to contest the Public Defender fee. Fla. R.Crim. P. 3.720(d);
 
 Bryant v. State,
 
 661 So.2d 1315, 1316-17 (Fla. 1st DCA 1995).
 

 AFFIRMED in part, REVERSED in part, and REMANDED for proceedings consistent with this opinion.
 

 VAN NORTWICK, WETHERELL, and ROWE, JJ., concur.