PER CURIAM.
Alvin Sharpe appeals his judgment and 20-year sentence for aggravated battery with a firearm. Appellate counsel filed a brief in accordance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), representing that no good faith argument could be made that reversible error occurred below. Having reviewed the record, we affirm Appellant’s conviction and prison sentence.
However, appellate counsel identified several errors with the imposition of costs and fines at sentencing, and scrivener’s errors in Appellant’s Criminal Punishment Code Scoresheet that require correction. Appellant preserved these errors in a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). Because this motion was not ruled on within sixty days, it is considered to have been denied. Fla. R. Crim. P. 3.800(b)(2)(B).
We first find the trial court erred by imposing in the written judgment and sentence a $1,050 fine pursuant to section 775.083, Florida Statutes; a 5 percent surcharge in the amount of $52.50 pursuant to section 938.04, Florida Statutes; and a $20 court cost pursuant to section 938.06, Florida Statutes. Because the trial court failed to orally pronounce the fine, the imposition of the fine, surcharge, and cost was error. See Pullam v. State, 55 So.3d 674, 675 (Fla. 1st DCA 2011). On remand, the trial court may re-impose the fine, surcharge, and court cost after providing notice to Appellant and following the proper procedure. See Williams v. State, 82 So.3d 186 (Fla. 1st DCA 2012) (reversing judgment for fines, costs, and surcharges “because the trial court failed to delineate the discretionary fine(s) when announcing at sentencing that it would impose $1,522.50 in costs and fines,” and stating the assessments may be re-imposed on remand after giving appellant notice and following proper procedure). If, however, the trial court elects not to re-impose the fine, surcharge, and court cost, it should enter a corrected Judgment for Fines, Costs, Fees, and Surcharges striking these amounts. See Nix v. State, 84 So.3d 424, 426 n. 2 (Fla. 1st DCA 2012).
We further find the trial court erred by imposing the legal assistance lien of $100 without first advising Appellant of his right to contest the amount. See § 938.29(5), Fla. Stat.; Fla. R. Crim. P. 3.720(d)(1) (“Notice of the accused’s right to a hearing to contest the amount of the lien shall be given at the time of sentence.”); see also McCarthan v. State, 91 So.3d 268, 269 (Fla. 1st DCA 2012) (“[W]e strike the one hundred dollar indigent legal assistance lien imposed, since appellant was not given notice of his right to a hearing to contest the amount of this lien.”); Vaughn v. State, 65 So.3d 138, 139 (Fla. 1st DCA 2011) (“[T]he state properly concedes that that the Public Defender fee should be stricken because the trial court did not advise Vaughn of his right to contest the amount.”); Parker v. State, 44 So.3d 1190, 1191 (Fla. 1st DCA 2010) (striking public defender costs because those “fees were not announced at sentencing and the appellant was not advised of his right to a hearing to contest the amount of the fees.”). On remand, the trial court is directed to advise Appellant of his right to a hearing to contest the indigent legal assistance fee. Fla. R.Crim. P. 3.720(d); see Vaughn, 65 So.3d at 138 (citing Bryant v. State, 661 So.2d 1315, 1316-17 (Fla. 1st DCA 1995)).
Finally, Appellant’s scoresheet incorrectly reflects that the sentencing judge was Kathleen Dekker; the primary offense date was 6/10/1952; the statute for tampering with physical evidence is section 918.361, Florida Statutes; and the total *1023 sentence imposed was thirty years. Further, it fails to indicate the date of sentencing. The scoresheet should be corrected to reflect that the sentencing judge was Charles W. Dodson; the primary offense date was June 10, 2006; the statute for tampering with physical evidence is section 918.13, Florida Statutes; the maximum sentence allowable and total sentence imposed was twenty years; and the date of sentencing was March 1, 2012. See Davis v. State, 95 So.3d 442 (Fla. 1st DCA 2012) (affirming appellant’s convictions and sentences; remanding to trial court for correction of scrivener’s error on scoresheet).
We affirm Appellant’s conviction and prison sentence. We reverse the Judgment for Fines, Costs, Fees, and Surcharges and remand for correction of sentencing errors as set forth above. We further direct the trial court to enter a corrected scoresheet.
AFFIRMED, in part; REVERSED, in part; and REMANDED with directions.
WETHERELL, ROWE, and MARSTILLER, JJ., concur.