ON APPELLEE’S MOTION FOR REHEARING, REHEARING EN BANC, AND CERTIFICATION OF A QUESTION OF GREAT PUBLIC IMPORTANCE
RAY, J.
The State has moved for rehearing, rehearing en banc, and certification of a question of great public importance. We grant the motion for rehearing in part, deny the motion for rehearing en banc, and grant the request to certify a question. Our previous opinion is withdrawn and the following is substituted in its place.
Terone Harrison appeals his judgment and sentence for burglary of a dwelling with person assaulted, aggravated battery with a deadly weapon, and criminal mischief. Appellate counsel filed an Anders[1] brief representing that no good faith argument can be made that fundamental or reversible error occurred in the trial court, with the exception of sentencing errors that were raised in a motion to correct sentencing error and were not corrected by the trial court. Based on our full and independent review of the record, we affirm Appellant’s convictions and reverse the judgment and sentence only to the extent necessary to correct certain sentencing errors raised by Anders counsel.

I. Sentencing Errors

Appellant filed a timely motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), arguing that the trial court erred by incorrectly indicating that the fine imposed pursuant to section 938.05, Florida Statutes, is $230.00; incorrectly indicating that the fine imposed pursuant to section 775.083(2), Florida Statutes, is $415.00; imposing a $100.00 cost of prosecution, without citing statutory authority; and imposing a $100.00 cost of defense, without citing statutory authority or informing Appellant of his right to a hearing to dispute the amount of the lien. Because the trial court did not file an order ruling on the motion within sixty days, the motion is deemed to have been denied. See Fla. R. Crim. P. 3.800(b)(2)(B). Each of these challenges is discussed in turn.
*78 Section 938.05(l)(a), Florida Statutes (2011), provides that anyone found guilty of any felony in Florida shall pay a $225.00 fine. The court imposed a $230.00 fine, citing this statute. We reverse and remand with instructions to reduce this assessment to $225.00 in the written judgment and sentence. See Turner v. State, 109 So.3d 276 (Fla. 1st DCA 2013).
Section 775.083(2), Florida Statutes (2011), provides that court costs shall be assessed in the amount of $50.00 for a felony. The court imposed court costs in the amount of $415.00, citing this statute. We reverse and remand for correction of the written judgment and sentence to reflect the correct statutory cost. See Z.C.B. v. State, 40 So.3d 36, 38-39 (Fla. 2d DCA 2010). If other authorized costs were consolidated in this $415.00 assessment, the trial court may re-impose the authorized sums following the appropriate procedure. See Smiley v. State, 704 So.2d 191, 195 (Fla. 1st DCA 1997).
The next series of errors asserted by Anders counsel relate to the assessment of mandatory costs without citation to statutory authority. In support of its position, Anders counsel references two decisions from our court: Fisher v. State, 697 So.2d 1291 (Fla. 1st DCA 1997), and Bradshaw v. State, 638 So.2d 1024 (Fla. 1st DCA 1994). In Fisher, we struck several costs imposed by the trial court “since no statutory authority was cited for their assessment.” 697 So.2d at 1292. In so doing, we relied upon our decision in Bradshaw, where we explained that “[i]t is improper to impose additional court costs without reference to statutory authority, or an explanation in the record, as to what the additional costs represent, which is sufficiently clear to permit a reviewing court to detemine the statutory authority for the costs.” 638 So.2d at 1025 (emphasis added). Since it is axiomatic that costs cannot be imposed in a criminal case unless authorized by statute, the record must adequately reflect the purpose of a cost to ensure meaningful appellate review.
In this case, Anders counsel acknowledges that the written judgment and sentence reflects the imposition of $100 for “cost of prosecution” and $100 for “cost of defense.” While the statutory authority for these costs is not designated, the purpose for these assessments is evident. Both costs represent the minimum costs mandated by the applicable statutes and Appellant has constructive notice of their existence. § 938.27(8), Fla. Stat. (2011) (cost of prosecution); § 938.29(l)(a), Fla. Stat. (2011) (cost of defense); State v. Beasley, 580 So.2d 139, 142 & n. 4 (Fla. 1991) (concluding that publication in Florida Statutes “gives all citizens constructive notice of the consequences of their actions,” thereby affording defendant adequate notice of the imposition of mandatory costs). Remanding for the trial court to insert a known statutory citation would be redundant and a waste of judicial time and labor. Accordingly, we find no error in the assessment of the mandatory, minimum costs of prosecution and defense, without citation to statutory authority, when it was clear from the record what those costs represent. See Keel v. State, 134 So.3d 1005 (Fla. 1st DCA 2012) (concluding that clerk of court service charge was properly imposed, in the absence of citation to authority, because written sentence clearly indicated the purpose of the mandatory fee).
The final sentencing error asserted by Anders counsel involves the trial court’s failure to inform Appellant of his right to a hearing to dispute the amount of the indigent legal assistance lien created by the imposition of the mandatory, minimum cost of defense. Section 938.29(5), Florida *79 Statutes (2011), specifically provides that the defendant shall receive “notice and the opportunity to be heard and offer objection” to the trial court’s determination of the value of the public defender’s services. The statute’s companion rule also requires “[njotice of the accused’s right to a hearing to contest the amount of the lien,” which notice is to be “given at the time of sentence.” Fla. R. Crim. P. 3.720(d)(1).
In its motion for rehearing, the State contends that no such warning was necessary in this case because the court imposed the minimum cost for the services of a public defender mandated by statute in all felony cases. Similar to the mandatory, minimum cost of prosecution, the State submits that the defendant has constructive notice of the cost of defense mandate, so logically, there is nothing to “hear” or “object to” where the court imposes the minimum amount. See, e.g., Hills v. State, 90 So.3d 927, 928 (Fla. 1st DCA 2012) (“The 2008 amendments to [the cost of prosecution statute] created mandatory minimum costs for the state attorney and removed the trial court’s discretion to impose these costs.”).[2] The State asserts that the trial court’s obligation under section 938.29(5) to provide “notice and an opportunity to object” is triggered only when the court exercises its discretion under section 938.29(1) to impose a “higher amount upon a showing of sufficient proof of higher fees or costs incurred.”
While the State’s argument has appeal based on logic and sound legal reasoning, we are not at liberty to recede from our case law directly on point, which requires that a defendant be given the “opportunity to object” to the cost of defense, even where the mandatory, minimum amount is imposed. See, e.g., Colson v. State, 114 So.3d 415, 417 (Fla. 1st DCA 2013); Sharpe v. State, 115 So.3d 1021, 1022 (Fla. 1st DCA 2013); Youman v. State, 112 So.3d 693, 694 (Fla. 1st DCA 2013). Accordingly, we are constrained to reverse this $100.00 cost and remand for the trial court to advise Appellant of his right to a hearing to contest the amount of the indigent legal assistance lien.

II. Certified Question

We have been asked by the State to certify a question of great public importance regarding whether the types of cost issues involved in this appeal are still properly the subject of Anders briefs, given the codification of rule 3.800(b)(2) of the Florida Rules of Criminal Procedure. The State asserts that when In re Anders Briefs was issued, in 1991, the decision allowing relatively minor sentencing issues to be addressed in an Anders brief was justified because there was no other avenue for appellate counsel to seek correction of these issues in the trial court. In that context, fundamental fairness dictated that “indigents in their first appeal as of right should not lose their Anders rights simply because counsel are able to identify some relatively minor sentencing issues in ‘no merit’ briefs.” 581 So.2d at 152.
Several years later, however, in response to concerns that “scarce resources were being unnecessarily expended in ... appeals relating to sentencing errors,”[3] the Court promulgated the present version of rule 3.800(b), which provides a “vehicle *80 to correct sentencing errors in the trial court.” Rule 3.800, 1996 Amendments Committee Notes. A rule 3.800(b) motion can be filed in the trial court during the time allowed for the filing of a notice of appeal, or by appellate counsel during the pendency of an appeal, any time before the party’s first brief is served. Fla. R. Crim. P. 3.800(b)(2). The filing of a timely 3.800(b) motion in the trial court is required in order to preserve a sentencing error for appellate review, when there was no contemporaneous objection at sentencing. Fla. R. App. P. 9.140(e).
The State argues that as a result of this paradigm change, when a defendant files a rule 3.800(b) motion and the trial court either denies it or refuses to timely rule on it, the issue is no longer “minor.” That is, the defendant is now challenging the trial court’s refusal to correct a sentencing error, which the State submits is an allegation of error that should be subject to merits-testing on appeal, and not shielded by an Anders brief to avoid the adversarial process.[4] The State rightly points out that it has had to seek rehearing to correct decisions from this court in the past on cost issues erroneously advanced by An-ders counsel.
Part of the Court’s rationale for creating an outlet for appellate counsel to correct and preserve sentencing errors during the initial stages of an appeal is that sentencing, “which once was a straightforward function for trial courts, has become increasingly complex as a result of multiple sentencing statutes that often change on a yearly basis.” Amendments to Fla. R. Crim. P. 3.111(e) and 3.800 and Fla. R. App. P. 9.020(h), 9.HO, and 9.600, 761 So.2d 1015, 1017 (Fla.1999). Given the procedural vehicle for addressing sentencing errors in the trial court created by rule 3.800(b), and because we agree with the precept that an appellate court benefits from an adversarial presentation on all claims of error raised on direct appeal, we submit the certified question set forth below.
Additionally, unless and until the Florida Supreme Court revisits the current An-ders procedures,[5] we encourage this Court to adopt a ToZer-approach to minor sentencing errors raised in Anders appeals, *81 which will provide us with arguments on both sides of a claim for reversal, even when the issue would otherwise be considered minor or relatively insignificant in the context of the defendant’s conviction. Cf. Toler v. State, 493 So.2d 489, 491 (Fla. 1st DCA 1986) (on motion for rehearing) (providing a procedure for the State to file a response in a Florida Rule of Criminal Procedure 3.850 appeal of a summary denial order “where it initially appears to the panel that the trial court’s order should be reversed”).
Appellant’s judgment and sentence are affirmed, except to the extent necessary for the trial court on remand to correct the sentencing errors identified in this opinion. The following question is certified as one of great public importance:
CAN APPOINTED COUNSEL CHALLENGE A TRIAL COURT’S DENIAL OF A RULE 3.800(b) MOTION TO CORRECT MINOR SENTENCING ERROR IN AN ANDERS “NO MERIT” BRIEF? IF SO, WHAT STEPS SHOULD APPELLATE COURTS TAKE, CONSISTENT WITH IN RE ANDERS BRIEFS, 581 So.2d 149 (Fla.1991), TO ENSURE ADVERSARIAL TESTING OF MINOR SENTENCING ISSUES RAISED BY ANDERS COUNSEL PRIOR TO THE COURT’S DECISION ON THE MERITS OF THOSE ISSUES?
CLARK and WETHERELL, JJ., concur.

. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); In re Appellate Court Response to Anders Briefs, 581 So.2d 149, 152 (Fla.1991) ("In re Anders Briefs ").

. The same law that created the minimum cost of prosecution that courts must assess against a convicted person in every criminal case, also created a minimum, mandatory cost for the services of a public defender. Ch. 2008-111, §§ 44 and 45, at 1198-1200, Laws of Florida (2008).

. Amendments to Fla. R. App. P., 685 So.2d 773, 773 (Fla.1996), republished at 696 So.2d 1103, 1103 (Fla.1996).

. We are not aware of any authority prohibiting the State from filing an answer brief sua sponte to challenge a claim of sentencing error raised in an Anders brief. But at the same time, it is inherently contradictory to expect the State to answer an appeal that has been deemed so frivolous by appellant’s counsel that he believes it can be decided without adversarial testing. In re Anders Briefs, supra, has created a procedural quagmire by allowing Anders counsel to include a claim of arguable merit in a "no merit” brief: if the State does not file an answer brief challenging a claim of "minor sentencing error,” the potential exists for the appellate court to reverse the trial court in error. If the State files an answer brief, it can advance its legal position on the minor sentencing issue, but it may go no further. See Baldwin v. State, 857 So.2d 937, 940 (Fla. 1st DCA 2003). Once briefing is concluded, the limited resources of the State may be called upon yet again if the appellate court identifies a potentially meritorious issue based on its "full and independent review of the record.” See State v. Causey, 503 So.2d 321 (Fla.1987) (requiring appellate court to allow state to file a brief on arguable claims identified by the court).

. Dissenting from the majority’s decision to extend the Anders procedure to Baker Act civil proceedings, Justice Pariente expressed "substantial doubts” about the wisdom and necessity of Florida’s Anders procedure in the criminal context and noted that she has "never understood the logic of requiring appellate courts to provide a heightened review for those appeals that are the least meritorious by placing on the appellate courts the responsibility of searching the record for potential errors.” Pullen v. State, 802 So.2d 1113, 1121 (Fla.2001) (Pariente, J., concurring in part and dissenting in part) (internal citations omitted) (Wells, C.J., and Quince, J., concur).