IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

MARIA EILEEN BRATTON,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-4923

Opinion filed February 5, 2015.

An appeal from the Circuit Court for Duval County.
Mark Hulsey, III, Judge.

Nancy A. Daniels, Public Defender, and David A. Henson, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, for Appellee.

WOLF, J.

In this Anders[*] appeal, appellant raises two minor sentencing errors. She argues the trial court erred in imposing a $100 sheriff's investigatory cost because there was no request for that cost on the record. She further argues the court erred in imposing a public defender lien because the court did not inform her of her right

---

[*] Anders v. California, 386 U.S. 738 (1967).

to a hearing to dispute the amount. Appellant preserved these issues through a motion filed pursuant to Florida Rule of Appellate Procedure 3.800(b). The trial court purported to grant the motion and strike the cost and lien. However, because the court ruled on the motion more than sixty days after the motion was filed, the motion was deemed denied, and the order was a nullity. Johnson v. State, 149 So. 3d 732, 733 n.2 (Fla. 1st DCA 2014).

Having been given the opportunity to respond pursuant to Harrison v. State, 146 So. 3d 76, 80-81 (Fla. 1st DCA 2014), the State concedes error. Thus, we strike the sheriff's investigatory cost because there was no request for that cost on the record. See Vaughn v. State, 65 So. 3d 138, 139 (Fla. 1st DCA 2011) (striking sheriff's investigatory costs because there was "no record evidence that they were requested or documented by the State" as required by section 938.27, Florida Statutes).

We also strike the public defender lien and remand with instructions that the trial court advise appellant of her right to contest the amount of the lien. See Harrison, 146 So. 3d at 79 (finding where the trial court fails to give the defendant the "'opportunity to object' to the cost of defense . . . we are constrained to reverse this [ ] cost and remand for the trial court to advise Appellant of his right to a hearing to contest the amount of the indigent legal assistance lien"); § 938.29(5),

Fla. Stat.; Fla. R. Crim. P. 3.720(d)(1). Appellant's judgment and sentence are otherwise affirmed.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED with instructions.

BENTON and MAKAR, JJ., CONCUR.