IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

LABRANDON BODISON,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-6210

Opinion filed April 15, 2015.

An appeal from the Circuit Court for Gadsden County.
Jonathan E. Sjostrom, Judge.

Jeffrey E. Lewis, Criminal Conflict and Civil Regional Counsel, and Melissa J. Ford, Assistant Conflict Counsel, Office of Criminal Conflict and Civil Regional Counsel, Region One, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, for Appellee.

PER CURIAM.

In this <u>Anders</u>[*] appeal, appellant raises a scrivener's error in his sentence. He notes that when the court orally pronounced his sentence in case number 2012-CF-503, the court stated that sentence was to run concurrently with the sentences imposed in case number 2011-CF-622. However, in the written judgment and

_____
* <u>Anders v. California</u>, 386 U.S. 738 (1967).

sentence, the court failed to place a check mark on the appropriate line indicating that the sentence in case number 2012-CF-503 was to run concurrently. Appellant preserved this issue by filing a motion pursuant to Florida Rule of Criminal Procedure 3.800(b). However, the trial court failed to rule on the motion within 60 days, and thus it was deemed denied. <u>See</u> Fla. R. Crim. P. 3.800(b)(1)(B). The State was given the opportunity to respond to this <u>Anders</u> appeal pursuant to <u>Harrison v. State</u>, 146 So. 3d 76, 80-81 (Fla. 1st DCA 2014), and agrees that the error should be corrected.

We reverse and remand for the trial court to conform the written sentence to the oral pronouncement. <u>See</u> <u>Knight v. State</u>, 114 So. 3d 1067 (Fla. 1st DCA 2013). Appellant need not be present for the correction of this scrivener's error. Appellant's judgment and sentence are otherwise affirmed.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED with instructions.

LEWIS, C.J., WOLF, and ROBERTS, JJ., CONCUR.