BENTON, J.
Convicted on three counts of attempted second-degree murder, for discharging a firearm from a vehicle, and for possession of a firearm by a convicted felon, Henry Coldridge Mills was sentenced to twenty years in prison for each attempted second-degree murder, and fifteen years for each of the remaining counts, all sentences to run concurrently. We affirm the convictions and sentences, and uphold the public defender’s lien, imposed to secure payment of a mandatory application fee as well as mandatory, minimum fees and costs for representing an indigent accused of a felony, but reverse another cost and fine (with surcharge), and remand for possible reim-position of the fine (and surcharge).
When, at sentencing, the trial court orally pronounced court costs of “$721, the $150 Public Defender Attorney’s fee lien,” no objection was raised. Only because the appellant later filed a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 8.800(b)(2), contending that the trial court erred in imposing a $100 fine together with a $5 surcharge (pursuant to sections 775.083 and 938.04, Florida Statutes (2010)), a $100 “Sheriffs Office Investigative Cost,” and “a discretionary $150 public defender lien,” are these issues preserved.[1] The criminal rules treated the 3.800 motion as denied because the trial court did not act on it within 60 days. See Fla. R. Crim. P. 3.800(b)(2)(B); 3.800(b)(1)(B).
Our precedent distinguishes between set costs and fees the Legislature requires judges to impose, on the one hand, and fees or costs judges may or must impose in varying amounts depending on the facts of a particular case: “Statutorily-mandated costs may be imposed without notice and, thus, need not be specifically pronounced at the sentencing hearing. By contrast, discretionary costs must be orally pronounced at sentencing because such costs- may not be imposed without affording the defendant notice and an opportunity to be heard.” Nix v. State, 84 So.3d 424, 426 (Fla. 1st DCA 2012) (citation omitted).
I.
The $150 public defender’s lien secures two separate statutory impositions. First, under section 27.52(l)(b), Florida Statutes (2010),[2] indigent convicts represented by *986 public defenders are liable for a uniform, mandatory application fee: “An applicant shall pay a $50 application fee to the clerk for each application for court-appointed counsel filed.” Id. Second, under section 938.29, Florida Statutes (2010),[3] attorney’s fees and costs must be assessed against indigent convicts in amounts that may vary depending on the case, but cannot be less than $100 in a felony case or $50 in a misdemeanor case. Ever since the Legislature amended section 938.29 by “providing that certain defendants are liable for the application fee to determine indigent status for purposes of appointing counsel,” “prescribing minimum attorney’s fees and costs related to representation in criminal eases,” and “authorizing the court to establish higher fees and costs” for representation, if appropriate, Ch.2008-111, at 1164, Laws of Fla., trial courts have been required to impose a minimum lien of $150 on any defendant who, like appellant,[4] is convicted of a felony after receiving the assistance of the public defender’s office (assuming the $50 application fee had not already been paid).
Notwithstanding the amendments effected by Chapter 2008-111, § 45, decisions of this and at least one other court have persisted[5] in reversing imposition even of *987 the minimum, statutorily required public defender’s lien when the defendant was not given an opportunity to contest the amount of the lien. See, e.g., Chestnut v. State, 145 So.3d 198, 194 (Fla. 1st DCA 2014) (remanding with directions either to strike the $100 indigent legal assistance lien imposed pursuant to section 938.29, Florida Statutes (2009), or to give the defendant an opportunity to contest the lien); Youman v. State, 112 So.3d 693, 694 (Fla. 1st DCA 2013) (striking a $100 indigent legal assistance lien imposed under section 938.29(l)(a), Florida Statutes (2008) without informing the defendant of his right to contest the amount of the lien, as required by section 938.29(5), Florida Statutes and Florida Rule of Criminal Procedure 3.720(d)(1)); G.D. v. State, 42 So.3d 327, 327-28 (Fla. 2d DCA 2010) (reversing the public defender’s fee imposed pursuant to section 938.29, Florida Statutes (2008), because “[although imposition of the fee is mandatory, the statute requires the trial court to give the defendant notice and an opportunity to object to the amount” (citation omitted)). But see Maestas v. State, 76 So.3d 991, 993 (Fla. 4th DCA 2011) (ruling the trial court erroneously imposed a $400 public defender’s fee “because the trial court failed to make factual findings warranting the imposition of the additional $300” and remanding “to the trial court to reduce the public defender fee to the statutorily required $100 or to hold a hearing with proper notice to Maestas, allowing him the opportunity to object to the additional $300 imposed”).
Out of respect for the trial bench and bar, we believe the time has come to address this matter en banc, in order to eliminate essentially meaningless procedures and in order to prevent further waste of time and resources. As Judge Ray pointed out in Harrison v. State, 146 So.3d 76, 79 (Fla. 1st DCA), review denied, 153 So.3d 909 (Fla.2014), the commonsense argument that no notice of the accused’s right to a hearing to contest the amount of the lien is called for when the trial court imposes the statutory minimum “has appeal based on logic and sound legal reasoning.” The Harrison panel decided it was “not at liberty to recede from our case law directly on point, which requires that a defendant be given the ‘opportunity to object’ to the cost of defense, even where the mandatory, minimum amount is imposed” and concluded it was “constrained to reverse this $100.00 cost and remand for the trial court to advise Appellant of his right to a hearing to contest the amount of the indigent legal assistance lien.” Id. We now sit en banc to escape that constraint, and “recede from our case law directly on point.” Id.
When minimum fees and costs required by statute are imposed, there has been no judicial determination adverse to the defendant of the value of services the public defender has provided. See § 938.29(5), Fla. Stat. Where the Legislature, not the trial judge, has decided the amount, inviting the defendant’s views on the question is pointless and, indeed, misleading. Ra-tione cessante, lex cessat. Because the minimum amount is mandated by statute, binding on the court and the defendant alike, no hearing is necessary or appropriate.
*988 With or without a hearing, the Legislature requires that a minimum fee of $100 be 'imposed when a person convicted of a felony “has received the assistance of the public defender’s office, a special assistant public defender, the office of criminal conflict and civil regional counsel, or a private conflict attorney, or ... has received due process services after being found indigent for costs under s. 27.52.” § 938.29(l)(a), Fla. Stat. In addition, and also without regard to any hearing, such a defendant shall “be liable for payment of the assessed application fee under s. 27.52.” The Legislature requires that this $50 application fee be assessed as part of the sentence pursuant to section 938.29, if not paid prior to disposition of the case. §§ 938.29(l)(a); 27.52(l)(b), Fla. Stat.
In sum, reconsidering the question en banc, we recede from any and all decisions holding that sections 938.29(1) and 27.52, Florida Statutes, as amended effective July 1, 2008, require notice and hearing before imposition of a minimum public defender’s lien, i.e., $150 in felony cases or $100 in misdemeanor cases.
II.
Appellant also challenges the $100 sheriffs investigative cost, imposed separately after the sentencing hearing pursuant to section 938.27, Florida Statutes (2010). Assessing this cost is discretionary, and it was error to impose it without notice or hearing and without specifically identifying it at sentencing. See Kirkland v. State, 106 So.3d 4, 4-5 (Fla. 1st DCA 2013); Baker v. State, 86 So.3d 1208, 1209 (Fla. 1st DCA 2012). See also Lippwe v. State, 152 So.3d 782, 783 (Fla. 1st DCA 2014) (ruling that investigative fees pursuant to section 938.27(1), Florida Statutes “must be requested on the record by the appropriate agency”). We reverse the sheriffs investigative cost. On remand, the trial court may not reimpose this investigative cost because there is no record evidence the state requested the cost. See DeSalvo v. State, 107 So.3d 1185, 1187 (Fla. 1st DCA 2013); Vaughn v. State, 65 So.3d 138, 139 (Fla. 1st DCA 2011).
The fine authorized by section 775.083(1), Florida Statutes, is also discretionary, and the state concedes it was error for the trial court to impose the $100 fine under this statute without notice or hearing and without specifically pronouncing the fine at the sentencing hearing. Because the fine was erroneously imposed, the $5 surcharge imposed pursuant to section 938.04, Florida Statutes, must likewise be reversed. See Nix, 84 So.3d at 426. On remand, the trial court may reimpose the fine and surcharge, if it so decides after providing notice to Mr. Mills and following the proper procedure. Id. If the trial court decides not to reimpose the fine and surcharge, it can enter a corrected judgment and sentence striking these amounts. Id. at 426 n. 2.
Affirmed in part, reversed in part, and remanded with directions.
ROBERTS, C.J., and WOLF, LEWIS, THOMAS, WETHERELL, ROWE, MARSTILLER, RAY, SWANSON, OSTERHAUS, BILBREY, KELSEY, and WINOKUR, JJ., concur.
. MAKAR, J., concurs in part and dissents in part, with opinion.

. Imposition of none of the fees, costs or fines of which appellant complains in the present case amounted to fundamental error. See Jackson v. State, 983 So.2d 562, 574 (Fla.2008) ("[T]he imposition of costs without statutory authority is a 'sentencing error’ for purposes of rule 3.800(b). Where the costs are announced at sentencing, the defendant has an opportunity to object to unauthorized costs. However, the imposition of these costs does not constitute fundamental error, much less rise to the level of an 'illegal' sentence.” (citations omitted)); State v. Dodson, 760 So.2d 145, 145-46 (Fla.2000) (holding wrongful imposition of a public defender’s lien does not constitute fundamental error which may be challenged on direct appeal without having been presented to the trial court pursuant to Rule 3.800(b)).

. Section 27.52, Florida Statutes (2010), provides in part:
(1) APPLICATION TO THE CLERK. — A person seeking appointment of a public defender under s. 27.51 based upon an inability to pay must apply to the clerk of the court for a determination of indigent status ....
(b) An applicant shall pay a $50 application fee to the clerk for each application for court-appointed counsel filed. The applicant shall pay the fee within 7 days after submitting the application. If the applicant does not pay the fee prior to the disposition of the case, the clerk shall notify the court, and the court shall:
*986 1. Assess the application fee as part of the sentence or as a condition of probation; or
2. Assess the application fee pursuant to s. 938.29.

. Effective July 1, 2008, section 938.29(1), Florida Statutes, was amended to provide, as follows:
(l)(a) A defendant who is convicted of a criminal act ... and who has received the assistance of the public defender’s office ... shall be liable for payment of the assessed application fee under s. 27.52 and attorney's fees and costs. Attorney's fees and costs shall be set in all cases at no less than $50 per case when a misdemeanor or criminal traffic offense is charged and no less than $100 per case when a felony offense is charged.... The court may set a higher amount upon a showing of sufficient proof of higher fees or costs incurred.... The court shall include these fees and costs in every judgment rendered against the convicted person.
(b) ... The court shall impose the attorney’s fees and costs notwithstanding the defendant’s present ability to pay.
See Ch.2008-111, § 45, at 1199-1200, Laws of Fla.

. By pronouncing "the $150 Public Defender Attorney’s fee lien,” the trial court made known the statutory basis for the lien and the assessments it secured. The "purpose for these assessments is evident. Both costs [here the application fee and the indigent assistance fees and costs] represent the minimum costs mandated by the applicable statutes and Appellant ha[d] constructive notice of their existence.” Harrison v. State, 146 So.3d 76, 78 (Fla. 1st DCA), review denied, 153 So.3d 909 (Fla.2014).

.Prior to July 1, 2008, section 938.29, Florida Statutes, provided that a "defendant determined to be guilty of a criminal act ... who has received the assistance of the public defender’s office ... shall be liable for payment of attorney’s fees and costs.” § 938.29(l)(a), Fla. Stat. (2007). The trial court was required to "determine the value of the services of the public defender” and the defendant was afforded an "opportunity to be heard and offer objection to the determination.” § 938.29(5), Fla. Stat. (2007). See also Fla. R. Crim. P. 3.720(d)(1) ("If the accused was represented by a public defender or other court appointed counsel, the court shall notify the accused of the imposition of a lien pursuant to section 938.29, Florida Statutes. The amount of the lien shall be given and a judgment entered in that amount against the accused. Notice of the accused’s right to a hearing to contest the amount of the lien shall be given at the time of sentence.”).
With respect to the imposition of public defender’s fee and costs under the statute before its 2008 amendment, a defendant "would only be liable for such fee if the trial court pronounced it at sentencing and informed him of his right to contest the amount at a hearing. See § 938.29(l)(a), Fla. Stat. *987 (2007).” Swift v. State, 53 So.3d 394, 395 (Fla. 2d DCA 2011). See also Finkelstein v. State, 944 So.2d 1226, 1227 (Fla. 4th DCA 2006) (reversing public defender’s fee and remanding "with instructions to the trial court to give Finkelstein notice of his right to a hearing on the matter and to schedule a hearing if one is requested,” as required by section 938.29(5), Florida Statutes (1997)). If it was not clear from the record whether the trial coúrt had properly advised a defendant of the right to a hearing to contest the amount, the public defender's fee was stricken on appeal. See Swift, 53 So.3d at 395.