IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

WILLIAM HENRY CAIN,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-1377

Opinion filed March 8, 2016.

An appeal from the Circuit Court for Duval County.
Mark J. Borello, Judge.

Nancy A. Daniels, Public Defender, and Glenna Joyce Reeves, Assistant Public Defender, Tallahassee for Appellant; William Henry Cain, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, for Appellee.

PER CURIAM.

We affirm Appellant's judgment and sentence for sale or delivery of cocaine, but based on the state's proper concession of error in response to our

Harrison order,[1] we reverse the imposition of the $100 cost for the FDLE Operating Trust Fund pursuant to section 938.055, Florida Statutes, and the $100 sheriff's investigative cost pursuant to section 938.27. The trial court did not orally pronounce these costs at the sentencing hearing. See Nix v. State, 84 So. 3d 424, 426 (Fla. 1st DCA 2012).

On remand, the trial court may reimpose the FDLE Operating Trust Fund cost after following the proper procedure. Id. However, the sheriff's investigatory cost may not be reimposed on remand because the record does not show that the state requested this cost. See Mills v. State, 177 So. 3d 984 (Fla. 1st DCA 2015); Bratton v. State, 156 So. 3d 590 (Fla. 1st DCA 2015); Cook v. State, 149 So. 3d 118 (Fla. 1st DCA 2014).

AFFIRMED in part; REVERSED in part and REMANDED with directions.

WETHERELL, MAKAR, and WINOKUR JJ., CONCUR.

---

[1] Harrison v. State, 146 So. 3d 76 (Fla. 1st DCA 2014) (establishing a procedure pursuant to which the state is given an opportunity to respond to preserved sentencing error claims raised in an Anders brief).