PER CURIAM.
We affirm Appellant’s ' judgment and sentence for sale or delivery of cocaine, but based on thé state’s proper concession of error in response to our Harrison or'der,[1] we reverse the imposition of the $100 cost for the FDLE Operating Trust Fund pursuant to section 938.055, Florida Statutes, and the .$100 sheriffs investigative cost pursuant to section 938.27. The trial court did not orally pronounce these costs at the sentencing hearing. See Nix v. State, 84 So.3d 424, 426 (Fla. 1st DCA 2012),
On remand, the trial court may reimpose the FDLE Operating Trust Fund cost after following the proper procedure. Id. However, the sheriffs investigatory cost may not be reimposed on remand because the record does not show that the state requested this cost. See Mills v. State, 177 So.3d 984 (Fla. 1st DCA 2015); *1097 Bratton v. State, 156 So.3d 590 (Fla. 1st DCA 2015); Cook v. State, 149 So.3d 118 (Fla. 1st DCA 2014).
AFFIRMED in part; REVERSED in part and REMANDED with directions.
WETHERELL, MAKAR, and WINOKUR JJ., concur.

. Harrison v. State, 146 So.3d 76 (Fla. 1st DCA 2014) (establishing a procedure pursuant to which the state is given an opportunity to respond to preserved sentencing error claims raised in an Anders brief).