COHEN, J.
 

 Jotonnia Hayes challenges the final judgment and sentence imposed following revocation of probation on convictions of three counts of uttering a forged money order and one count of grand theft.
 

 The trial court accepted a negotiated plea to the original charges. At the plea hearing, rather than face a prison sentence as originally contemplated, Hayes, through her lawyer, represented that she could leave the courtroom, walk up to the clerk’s office and pay restitution in full for her ill-gotten gains. With those representations, the plea negotiations became less than clear. The prosecutor, no doubt wanting to see the victims made whole, was willing to back away from the state prison recommendation, and instead asked that the sixteen-month sentence be suspended “for three days and [to] place her on two months — or two years probation. She says she has the money to pay it.” Her lawyer responded, ‘Tour Honor, she’ll pay for it right after we get out of here.... She’ll go upstairs and pay for it.” The judge, at least twice, indicated his intention to place Hayes on two years’ probation and understood that she would pay the restitution within three days. Although the prosecutor kept talking about a sixteen-month suspended sentence, the court neither orally pronounced a suspended sentence nor entered a written judgment reflecting same. Instead, the trial court sentenced her to a term of four days, time served, followed by twenty-four months’ probation. Hayes did not object to her sentence.
 

 Hayes somehow got lost on the way upstairs to the clerk’s office following her sentencing. She had equal difficulty finding the probation office. She changed her address without so much as a note to her probation officer, paid not a single cent of restitution, and committed numerous additional crimes similar to those for which she was placed on probation.
 

 When Hayes once again faced the court for violation of probation and admitted the violation, the trial court was less sympathetic and sentenced her to five years in prison on each count to be served concurrently.
 

 Hayes subsequently filed a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), claiming that the imposition of certain costs was improper. She supplemented her motion with a claim that the sentence was illegal because she received a true split sentence, and the court could not exceed the suspended portion of her original sentence. The trial judge denied the motion, ruling that he had not imposed a split sentence.
 
 [1]
 
 This appeal followed.
 

 It is correct that when a defendant’s probation is revoked while she is serving a true split sentence, the trial court may not impose a sentence that exceeds the remaining balance of the suspended sentence.
 
 Poore v. State,
 
 581 So.2d 161, 164 (Fla.1988);
 
 Boone v. State,
 
 967 So.2d 999, 1000-01 (Fla. 5th DCA 2007). However, a review of the plea colloquy and sentencing hearing supports the trial court’s ruling that Hayes was not given a true split sentence. The trial court accepted the defense’s proposed resolution of the case. Based upon Hayes’ claimed ability to immediately compensate her victims, the judge allowed her to avoid prison, at least temporarily. The fact that
 
 *1037
 
 the prosecutor continued to request a sixteen-month sentence is irrelevant. The trial judge did not impose a suspended sentence, and Hayes got the benefit of her bargain.
 

 The State properly concedes error as to the $750 costs assessment. The record does not support a factual basis for the imposition of more than the $100 statutory lien.
 
 [2]
 
 That assessment is therefore stricken. On remand, the court may set a hearing to determine the proper amount.
 

 AFFIRMED IN PART; REVERSED IN PART, REMANDED.
 

 SAWAYA and LAWSON, JJ., concur.
 

 [1]
 

 . The trial court did not address the issue of the imposition of costs in the form of a public defender lien.
 

 [2]
 

 . § 938.29(l)(a), Fla. Stat. (2006).