PER CURIAM.
We affirm Appellant’s convictions and sentences except as to the assessment of the public defender fee. We reverse the trial court’s assessment of $500 for public defender fees. The trial court was obligated to assess Appellant at least $100 in fees and costs because he was convicted of a felony. § 938.29(l)(a), Fla. Stat. (2013). However, a trial court may only assess more than $100 in fees after it makes factual findings of the “higher fees or costs incurred.” Id. Here, the trial court assessed $500 in fees and costs against Appellant without considering any evidence.[1] *940 The trial court also failed to inform Appellant of his right to contest the assessment.
We strike the assessment of public defender fees without prejudice and remand for an evidentiary hearing. Hayes v. State, 69 So.3d 1035, 1037 (Fla. 5th DCA 2011); Houle v. State, 33 So.3d 822, 823 (Fla. 4th DCA 2010). On remand, the trial court must advise Appellant of his right to contest any lien imposed for public defender fees.
AFFIRMED in part; REVERSED in part; and REMANDED.
TORPY, C.J., ORFINGER and LAWSON, JJ., concur.

. The State properly conceded error here and in the trial court in response to Appellant's proper motion filed under Florida Rule of Criminal Procedure 3.800(b). However, the trial court did not rule on the motion within the required sixty days, and thus, it was deemed denied.