NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ALVIN MOJICA,                          )
                                       )
          Appellant,                   )
                                       )
v.                                     )          Case No. 2D14-855
                                       )
STATE OF FLORIDA,                      )
                                       )
          Appellee.                    )
                                       )
_____)

Opinion filed June 10, 2016.

Appeal from the Circuit Court for Pasco
County; William Webb, Judge.

Michael Ufferman of Michael Ufferman Law
Firm, P.A., Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Katherine Coombs Cline,
Assistant Attorney General, Tampa, for
Appellee.

LUCAS, Judge.

          Mr. Alvin Mojica appeals his conviction and sentence for robbery. We

affirm Mr. Mojica's conviction without comment. However, Mr. Mojica's judgment and

sentencing scoresheet contain scrivener's errors. Additionally, Mr. Mojica's judgment

includes three improperly imposed costs. Accordingly, we must reverse and remand for the circuit court to correct these errors.

The State concedes that Mr. Mojica's judgment contains a scrivener's error in that his judgment states he was convicted of a first-degree felony. On remand, the trial court shall enter an amended judgment showing that Mr. Mojica was convicted of a second-degree felony. See Balmori v. State, 924 So. 2d 7, 7-8 (Fla. 2d DCA 2005). The State also concedes that Mr. Mojica's scoresheet incorrectly indicates that his case was resolved through a plea bargain. On remand, the State shall submit an amended scoresheet showing that Mr. Mojica was tried and convicted by a jury. See Drayton v. State, 89 So. 3d 287, 287-88 (Fla. 1st DCA 2012).

The State also concedes that the trial court erred when it imposed a $125.72 fine and $6.28 surcharge under sections 775.083(1) and 938.04, Florida Statutes (2012). Before imposing a fine and surcharge under these statutes, a trial court must orally announce its intent to do so and identify the statutory authority underlying the fine and surcharge. See Reyes v. State, 655 So. 2d 111 (Fla. 2d DCA 1995). The court must also notify the defendant of his or her right to a hearing to contest the amount. Id. Here, the trial court failed to follow this procedure, and so the fine and surcharge from Mr. Mojica's judgment must be stricken. See Cruz v. State, 830 So. 2d 892, 892-93 (Fla. 2d DCA 2002); Nix v. State, 84 So. 3d 424, 425-26 (Fla. 1st DCA 2012).

Finally, with respect to the imposition of the indigent legal assistant assessment, the State argues that the $200 assessed against Mr. Mojica was proper under section 938.29. However, as set forth in that statute, any indigent legal assistant

assessment over the mandatory minimum fee of $100 is discretionary. See Harmon v. State, 160 So. 3d 939, 939-40 (Fla. 5th DCA 2015). A trial court must, therefore, notify a defendant of his or her right to contest the imposition of an assessment above $100. Id. Here, the trial court improperly imposed this assessment in an amount over $100 without first providing Mr. Mojica notice of his right to contest the amount. That was error. See Nash v. State, 958 So. 2d 471, 471-72 (Fla. 2d DCA 2007).

On remand, the trial court shall enter a new judgment and sentence and may, if it so decides, reimpose the fine, surcharge, and assessment after providing notice to Mr. Mojica and following the appropriate procedure. See Harmon, 160 So. 3d at 940; Nix, 84 So. 3d at 426. Alternatively, if the trial court decides not to reimpose the fine, surcharge, or assessment, it may enter a corrected judgment and sentence striking the fine and surcharge and imposing a $100 minimum assessment,[1] consistent with this opinion. See Mills v. State, 177 So. 3d 984, 986-87 (Fla. 1st DCA 2015); Harmon, 160 So. 3d at 940; Nix, 84 So. 3d at 426 n.2.

Affirmed in part, reversed in part, and remanded with instructions.

SILBERMAN and BADALAMENTI, JJ., Concur.

---

[1]We note that prior to 2008, section 938.29(1)(a) did not include a mandatory $100 assessment, but left the imposition of any legal assistance assessment entirely at the discretion of the trial court. Cf. Swift v. State, 53 So. 3d 394, 395 (Fla. 2d DCA 2011) (observing that under the 2007 version of section 938.29(1)(a) the defendant would only be liable for the assessment if the trial court pronounced it at sentencing and informed the defendant of the right to contest the amount at a hearing).