NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

WILLIE MATHERS NEWTON,     )
DOC #268531,     )
     )
         Appellant,     )
     )
v.     )     Case No. 2D16-3559
     )
STATE OF FLORIDA,     )
     )
         Appellee.     )
_____ )

Opinion filed December 28, 2018.

Appeal from the Circuit Court for
Pinellas County; Nancy Moate Ley,
Judge.

Howard L. Dimmig, II, Public Defender,
and Terrence E. Kehoe, Special
Assistant Public Defender, Bartow, for
Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Wendy Buffington,
Assistant Attorney General, Tampa, for
Appellee.

ROTHSTEIN-YOUAKIM, Judge.

         Willie Mathers Newton appeals a judgment and sentence entered after a

jury found him guilty of second-degree murder while discharging a firearm causing

death.  We disagree with Newton's argument that the trial court erred in denying his motion for judgment of acquittal and affirm the judgment and sentence without further comment.

Newton also appeals the judgment for costs and fines that, in pertinent part, imposes a $100 fee for the services of court-appointed conflict counsel.  See § 938.29(1), Fla. Stat. (2016).  We agree with Newton's argument that the trial court erred in denying his motion to correct sentencing error filed under Florida Rule of Criminal Procedure 3.800(b)(2) because contrary to our precedent and to the plain language of rule 3.720(d)(1), read together with section 938.29(5), the court had failed to give Newton notice of his right to a hearing to contest the $100 fee when pronouncing its imposition at sentencing.  See Gedehomme v. State, 160 So. 3d 533, 534 (Fla. 2d DCA 2015) (holding that the trial court erred in failing to give Gedehomme an opportunity to request a hearing regarding the $100 cost for his public defender pursuant to section 938.29, Florida Statutes (2012), and instructing that "[t]he court may reimpose the $100 public defender fee but only after proper notice and the opportunity for Gedehomme to be heard on that issue"); Neal v. State, 62 So. 3d 1277, 1277-78 (Fla. 2d DCA 2011) (holding that the trial court erred in failing to "give Neal notice of his right to a hearing to contest the amount of the $100 public defender's lien that was imposed as part of his sentence" under rule 3.720(d)(1) and remanding for the trial court "to strike the lien and afford Neal the opportunity to properly object to the amount imposed").[1]

_____

[1]We recognize that a challenge to the amount of the $100 fee would be unavailing because that is the statutory minimum fee that may be imposed.  See § 938.29(1).  But, read together, section 938.29(5) and rule 3.720 unequivocally require that a defendant be given notice of his or her "right to a hearing," Fla. R. Crim. P. 3.720(d)(1), and be afforded the "opportunity to be heard and offer objection to the

Instead, the trial court determined that such notice was not required when imposing the statutory minimum of $100, relying on the First District's decision in Mills v. State, 177 So. 3d 984, 988 (Fla. 1st DCA 2015) (en banc) ("[W]e recede from any and all decisions holding that sections 938.29(1) and 27.52, Florida Statutes, as amended effective July 1, 2008, require notice and hearing before imposition of a minimum public defender's lien, i.e., $150 in felony cases or $100 in misdemeanor cases."). Because we have already held to the contrary, however, the trial court was not at liberty to do so. See also Pardo v. State, 596 So. 2d 665, 666-67 (Fla. 1992) ("The proper hierarchy of decisional holdings would demand that in the event the only case on point on a district level is from a district other than the one in which the trial court is located, the trial court be required to follow that decision. Alternatively, if the district court of the district in which the trial court is located has decided the issue, the trial court is bound to follow it." (quoting State v. Hayes, 333 So. 2d 51, 53 (Fla. 4th DCA 1976)))).[2] Accordingly, we

---

determination" of the value of defense counsel's services, § 938.29(5), regardless of the outcome.

[2]To the extent that the trial court also relied on Mojica v. State, 192 So. 3d 1271, 1272 (Fla. 2d DCA 2016), which was decided after Gedehomme and Neal, to support its conclusion that notice is not required when the statutory minimum fee is imposed, that case's suggestion that notice is not required in such a situation is not part of the holding but merely dicta because that specific issue was not before the court. And, in any event,

> absent an en banc opinion expressly receding from a point of law announced in previous opinions of this court, a trial court should not rely on the expressions of a three-judge panel as a basis to conclude that a previous opinion of another three-judge panel no longer carries the force of law.

Wood v. Fraser, 677 So. 2d 15, 18 (Fla. 2d DCA 1996).

reverse the $100 fee, remand for further proceedings, and certify conflict with the First District's decision in <u>Mills</u>.

Affirmed in part; reversed in part; remanded; conflict certified.


CASANUEVA and CRENSHAW, JJ., Concur.