NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

E.C.T.,                                    )
                                           )
            Appellant,                     )
                                           )
v.                                         )    Case No. 2D18-4332
                                           )
STATE OF FLORIDA,                          )
                                           )
            Appellee.                      )
_____)

Opinion filed September 4, 2020.

Appeal from the Circuit Court for
Hillsborough County; Michael J. Scionti,
Judge.

Howard L. Dimmig, II, Public Defender,
and Daniel Muller, Assistant Public
Defender, Bartow, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and C. Todd Chapman,
Assistant Attorney General, Tampa, for
Appellee.


ROTHSTEIN-YOUAKIM, Judge.

            E.C.T. appeals a disposition order that withholds adjudication and places

him on juvenile probation for a period not to exceed his nineteenth birthday for

committing the delinquent act of burglary of an occupied dwelling.  We affirm in all

respects except we reverse the imposition of certain fees and remand for further proceedings.

First, E.C.T. argues, and the State properly concedes, that the trial court erred by imposing a $1 fee pursuant to section 939.185(1)(a), Florida Statutes (2018). That statute authorizes the imposition of additional court costs "not to exceed $65 . . . when a person . . . is . . . adjudicated delinquent." See id. Because section 939.185(1)(a) authorizes such costs only when a juvenile is adjudicated delinquent, it does not authorize the imposition of costs when, as in this case, adjudication is withheld. See J.S. v. State, 277 So. 3d 270, 275-76 (Fla. 2d DCA 2019); R.F. v. State, 42 So. 3d 333, 335 (Fla. 2d DCA 2010). Accordingly, we reverse the imposition of the $1 fee.

Second, E.C.T. argues that the trial court erred by imposing a $100 fee for the services of the public defender pursuant to section 938.29(1)(a), Florida Statutes (2018), without providing him with notice of his right to contest the fee and an opportunity to be heard. We agree and reverse the imposition of the $100 fee. See Newton v. State, 262 So. 3d 849, 850 (Fla. 2d DCA 2018) (holding that the trial court erred by "fail[ing] to give Newton notice of his right to a hearing to contest the $100 fee when pronouncing its imposition at sentencing"). On remand, the court may reimpose the $100 fee after proper notice and the opportunity for E.C.T. to be heard on that issue. See id.

Affirmed in part; reversed in part; remanded.

NORTHCUTT and SILBERMAN, JJ., Concur.