# Supreme Court of Florida

———————

No. SC20-1604

———————

**STATE OF FLORIDA,**
Petitioner,

vs.

**J.A.R.,**
Respondent.

June 3, 2021

GROSSHANS, J.

We have for review the Second District Court of Appeal's decision in *J.A.R. v. State*, 45 Fla. L. Weekly D2361 (Fla. 2d DCA Oct. 16, 2020), which held, in pertinent part, that the trial court erred in failing to notify J.A.R. of his asserted right to a hearing to challenge the $100 public defender fee imposed at sentencing. Recognizing two contrary holdings, the Second District certified direct conflict with *Mills v. State*, 177 So. 3d 984 (Fla. 1st DCA 2015), and *Alexis v. State*, 211 So. 3d 81 (Fla. 4th DCA 2017). We have jurisdiction. *See* art. V, § 3(b)(4), Fla. Const. For the reasons

explained below, we quash *J.A.R.* on this issue and approve the holdings reached in *Mills* and *Alexis* to the extent they are consistent with this opinion.

## BACKGROUND

The State charged J.A.R., a child, with two felonies and a misdemeanor, and the trial court appointed an assistant public defender to represent him in the case. *J.A.R.*, 45 Fla. L. Weekly at D2361-62. Following an evidentiary hearing, the trial court adjudicated J.A.R. delinquent for committing the charged acts. *Id.* at D2362. In addition, the trial court imposed a $100 public defender fee under section 938.29, Florida Statutes (2019), *see id.*, the minimum amount required by the statute in cases involving felony charges. § 938.29(1)(a). The trial court did not apprise J.A.R. of the fee or inform him of the right to a hearing to contest the fee. *J.A.R.*, 45 Fla. L. Weekly at D2362.

J.A.R. appealed, challenging, among other things, the imposition of the fee. *Id.* at 2361-62. In addressing this issue, the Second District discussed its decision in *Newton v. State*, 262 So. 3d 849 (Fla. 2d DCA 2018), which "held that the trial court [in that case] erred in imposing a $100 fee for the services of court-

appointed conflict counsel where the court failed to notify the [defendant at sentencing] of his right to a hearing to contest the fee." *J.A.R.*, 45 Fla. L. Weekly at D2362 (citing *Newton*, 262 So. 3d at 849-50 (Fla. 2d DCA 2018). Applying *Newton*, the Second District struck the public defender fee since the trial court "did not give J.A.R. notice of his right to a hearing to contest th[e] fee." *Id.*

The Second District then certified conflict with the contrary decisions of the First District Court of Appeal in *Mills* and the Fourth District Court of Appeal in *Alexis*—each holding that where the trial court imposes the minimum fee required under section 938.29(1)(a), the court need not notify the defendant of the right to a hearing to contest the fee. *See Mills*, 177 So. 3d at 987 (holding that because the $100 public defender fee is "binding on the court and the defendant alike, no hearing is necessary or appropriate"); *Alexis*, 211 So. 3d at 82 (holding that "notice and a hearing are not required before imposition of the minimum [public defender fee]" because the minimum amount is "statutorily mandated").

The State now seeks review of *J.A.R*, urging that we follow *Mills* and *Alexis*. We hold that, by its plain language, section 938.29(1)(a) does not afford a defendant the right to contest the

- 3 -

amount of the public defender fee when, as here, the trial court imposes the minimum amount required by the statute. Under these circumstances, the trial court is not required to announce the imposition of the fee at sentencing or notify the defendant of the right to a hearing to contest the fee.

## ANALYSIS

This case presents a question of statutory interpretation, which we review de novo. *Hill v. Davis*, 70 So. 3d 572, 575 (Fla. 2011). A court's determination of the meaning of a statute begins with the language of the statute. *Lopez v. Hall*, 233 So. 3d 451, 453 (Fla. 2018) (citing *Holly v. Auld*, 450 So. 2d 217, 219 (Fla. 1984)). "[W]hen the language of a statute to be construed is unambiguous, it must be accorded its plain and ordinary meaning." *Brown v. State*, 715 So. 2d 241, 243 (Fla. 1998).

Accordingly, we begin our analysis by focusing on the text of section 938.29(1)(a), Florida Statutes, which provides:

> A defendant who is convicted of a criminal act
> or a violation of probation or community
> control and who has received the assistance of
> the public defender's office . . . *shall* be liable
> for payment of . . . attorney's fees and costs.
> Attorney's fees and costs *shall* be set in all
> cases at no less than $50 per case when a

> misdemeanor or criminal traffic offense is
> charged and no less than $100 per case when
> a felony offense is charged . . . . The court may
> set a higher amount upon a showing of
> sufficient proof of higher fees or costs
> incurred. . . . *The court shall include these fees*
> *and costs in every judgment rendered against*
> *the convicted person.*

*Id.* (emphasis added).

There is no doubt that section 938.29(1)(a) requires the trial court to impose fees on any defendant who is convicted of a criminal act and represented by a public defender. As to the amount of the fee, the statute mandates that the trial court must impose, at minimum, a $100 fee following a conviction for any criminal act when "a felony offense is charged." *Id.* That amount constitutes the statutory minimum for the representation of the public defender and is not discretionary; nor is that amount dependent on the quality or character of the representation. In contrast, if the court exercises its discretion under the statute to impose a fee amount higher than the statutory minimum, there must be "sufficient proof of higher fees or costs incurred." § 938.29(1)(a).

Notably, section 938.29(1)(a) does not require the trial court to announce the imposition of the statutorily required fee; nor does it afford the defendant any substantive right to contest the fee. And, no other portion of section 938.29 requires notice and a hearing when the court imposes the minimum fee required under subsection (1)(a). Though subsection (5) includes a notice-and-hearing requirement, that requirement only applies when the court determines the value of the services of the public defender. *See* § 938.29(5). When the court imposes the statutory minimum, the court is not tasked with making such a determination. *See id.* Accordingly, subsection (5) does not apply here, and we decline to read its notice-and-hearing requirement into the remainder of the statute. *See Brown*, 715 So. 2d at 243.

Perhaps recognizing that section 938.29 does not support his argument, J.A.R. calls our attention to a rule of criminal procedure, which provides:

> As soon as practicable after the determination of guilt and after the examination of any presentence reports, the sentencing court shall order a sentencing hearing. At the hearing:
>      . . . .
>      (d)(1) If the accused was represented by a public defender or other court appointed

counsel, the court shall notify the accused of the imposition of a lien pursuant to section 938.29, Florida Statutes. The amount of the lien shall be given and a judgment entered in that amount against the accused. Notice of the accused's right to a hearing to contest the amount of the lien shall be given at the time of sentence.

Fla. R. Crim. P. 3.720(d)(1).

As seen above, this rule does contain a notice-and-hearing requirement. However, even assuming this rule would apply here, the rule cannot conflict with the substantive law embodied in section 938.29. *See Beynard v. Wainwright,* 322 So. 2d 473, 476 (Fla. 1975) (noting that a statute controls over an inconsistent rule of procedure); *see also Kuhajda v. Borden Dairy Co. of Ala.,* 202 So. 3d 391, 395-96 (Fla. 2016). Because the rule might well be inconsistent with the statute and our holding today, we refer this matter to the Criminal Procedure Rules Committee for consideration.

To summarize, section 938.29(1)(a) requires the imposition of a minimum $100 public defender fee on all defendants represented by the public defender when the individual is charged with a felony and convicted of a criminal act. When imposing the statutory

minimum, the trial court need not announce the imposition of the public defender's fee or inform the defendant of a right to contest the fee. If, however, the trial court determines that the value of the public defender's service warrants a higher fee, it must notify the defendant of the fee as well as the right to contest it. Rule 3.720(d) cannot alter these substantive statutory principles.

Now, we apply these principles to the facts here. J.A.R. was charged with committing multiple felonies, convicted of a criminal act, and was represented by an assistant public defender. Based on that representation, the trial court imposed a public defender fee of $100. Since that amount is the statutory minimum under section 938.29(1)(a), the trial court was not required to provide notice and hearing as to that fee.

## CONCLUSION

In conclusion, we approve the holdings in *Mills* and *Alexis* to the extent they are consistent with this opinion. In contrast, and pursuant to our analysis above, we disapprove the Second District's decision to strike the public defender's fee. Accordingly, we remand for the Second District to reinstate the $100 public defender fee.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, MUÑIZ, and COURIEL, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Application for Review of the Decision of the District Court of Appeal – Certified Direct Conflict of Decisions

     Second District - Case No. 2D18-4975

     (Hillsborough County)

Ashley Moody, Attorney General, Tallahassee, Florida, C. Suzanne Bechard, Bureau Chief, and Elba Caridad Martin, Assistant Attorney General, Tampa, Florida,

     for Petitioner

Howard L. Dimmig, II, Public Defender, and Joanna Beth Conner, Assistant Public Defender, Tenth Judicial Circuit, Bartow, Florida,

     for Respondent