DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DENNY RAY HUGHES,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-3101

[September 16, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael A. Robinson, Judge; L.T. Case No. 11005060CF10A.

Carey Haughwout, Public Defender, and Mara C. Herbert, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and James J. Carney, Senior Assistant Attorney General, West Palm Beach, for appellee.

HERSCH, RICHARD, Associate Judge.

Hughes entered a plea of no contest to multiple counts of second and third degree grand theft. Pursuant to a plea agreement, the trial court sentenced the defendant to six years in prison followed by six years of probation on counts 2 through 7; and to five years in prison on counts 8 through 10.[1] The court orally pronounced that the sentences were to run concurrently to each other. Finally, the trial court imposed a fine on each count, mandatory court costs, and costs of prosecution, all of which the court pronounced would be reduced to a civil lien.

Following the entry of the written sentencing orders, the defendant moved for correction of sentence pursuant to rule 3.800(b)(2), requesting that: 1) the written orders reflect the oral pronouncement that the costs and fines be reduced to a civil lien; 2) the judgments reflect the correct statutory subsections (as alleged in the information) for his convictions on counts 8 through 10; and 3) the written sentencing orders reflect the

---

[1] Count 1 of the information was nolle prossed.

court's oral pronouncement that the sentence for each count shall run concurrently with all other counts. The trial court failed to rule on the motion within sixty days, which acted as a *de facto* denial. *See* Fla R. Crim. P. 3.800(b)(2)(B).

Hughes is entitled to relief. The written judgment does not reflect the oral pronouncement of the fines and costs being reduced to a civil lien. Additionally, the judgment does not list the correct statute violations on counts 8 through 10. On remand, the judgment orders should be corrected to reflect the oral pronouncement and the correct statute numbers.

Finally, while section 921.16(1), Florida Statutes (2013), requires that Hughes' sentences for counts 2 through 10 be treated as concurrent sentences[2], the manner in which the judgment orders on each individual count were prepared lends more to confusion than clarity. The trial court should correct the judgments to state clearly that the sentence on each count is to run concurrently to the sentences on all other counts.

Hughes does not claim that he was sentenced improperly and we do not reverse for resentencing. However, we remand for correction of the judgment orders to conform as directed above. Hughes need not be present when these changes are made.

*Remanded for further proceedings.*

GROSS and DAMOORGIAN, JJ., concur.

*      *      *

**Not final until disposition of timely filed motion for rehearing.**

---

[2] "A defendant convicted of two or more offenses charged in the same . . . information . . . shall serve the sentences of imprisonment concurrently unless the court directs that two or more of the sentences be served consecutively." § 921.16(1), Fla. Stat. (2013).