Ciklin, C.J.
Geraldo Alexis appeals the portion of his sentence imposing a public defender fee of $500. Because the trial court failed to require proof of the amount of the fees imposed, we reverse and avail ourselves of this opportunity to set forth the relevant statutory authority and case law concerning this oft-repeated area of misconception.
Alexis was charged with burglary of a dwelling, grand theft, and lewd or lascivious battery, and ultimately entered an open plea of no contest to the charges. Following the sentencing hearing, the trial court adjudicated Alexis guilty and sentenced him to a period of imprisonment. Included within the pronouncement of his sentence, the trial court imposed a $500 public defender fee. Relying on the clerk of court, the trial judge imposed the $500 amount which, because it was without evi-dentiary support, constituted error.
Thereafter, Alexis moved to correct a sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), alleging that he was not told that he had the right to contest the amount of the fee and that no evidence was presented to justify the imposition of the fee. His motion was denied and this appeal follows. We reverse.
There are multiple fees associated with representation by a public defender. To begin with, at the time the public defender is appointed, a defendant must be informed of the possibility that a lien related to the legal services to be provided may attach. Fla. R. Crim. P. 3.111(b)(5)(A). Additionally, a person seeking appointment of a public defender must pay a $50 application fee to the clerk. § 27.52(l)(b), Fla. Stat. (2015).[1]
Payments of attorney’s fees for the services rendered by the public defender are governed by section 938.29 and by Florida Rule of Criminal Procedure 3.720. Section 938.29 provides that a defendant who utilizes the public defender’s office and is convicted is liable for attorney’s fees and costs, section 938.29(l)(a), Florida Statutes, and the court shall impose the attorney’s fees and costs notwithstanding the defendant’s present ability to pay, section 938.29(l)(b), Florida Statutes. Statutory minimum fees of $50 per case for a charged misdemeanor or criminal traffic violation and $100 per case for a charged felony apply. § 938.29(l)(a). Because these fees are statutorily mandated, notice and a hearing are not required before imposition of the minimum amount. Odom v. State, 187 So.3d 324, 325 (Fla. 1st DCA 2016). The preliminary notification of the possibility of a lien must however, be made at the time of the public defender’s appointment pursuant to rule 3.111(b)(5)(A).
As occurred in the instant case, the trial court may exercise discretion to impose a public defender fee that exceeds the statutory minimum. But the imposition of a public defender fee can only occur “upon a showing of sufficient proof of higher fees or costs incurred.” § 938.29(l)(a). Thus, where the public defender fee exceeds the minimum, there must be some “evidence to establish a reasonable hourly rate or the amount of time spent by the public defender on the case,” and “the court must make factual findings of ‘higher fees or costs *83 incurred.’” See Houle v. State, 33 So.3d 822, 823 (Fla. 4th DCA 2010) (quoting § 938.29(l)(a)).
Further, a public defender fee amount that exceeds the statutory minimum fee thereby becomes discretionary and accordingly “‘must be orally pronounced at sentencing because such costs may not be imposed without affording the defendant notice and an opportunity to be heard.’ ” Mills v. State, 177 So.3d 984, 985 (Fla. 1st DCA 2015) (quoting Nix v. State, 84 So.3d 424, 426 (Fla. 1st DCA 2012)). The trial court must announce at sentencing the amount of the lien, as well as “the accused’s right to a hearing to contest the amount of the lien.” Fla. R. Grim. P. 3.720(d)(1). “If the accused requests a hearing to contest the amount of the lien, the court shall set a hearing date within 30 days of the date of sentencing.” Fla. R. Crim. P. 3.720(d)(2).
In sum, at all sentencing hearings for defendants represented by a public defender, a trial court must—unless previously imposed at an earlier stage of the proceedings—impose a $50 application fee, as well as a minimum public defender fee of either $50 (for misdemeanor or criminal traffic violation charges) or $100 (for felony charges). If the trial court chooses to impose a higher fee, there must be evidence of the higher fees or costs and the trial court must make factual findings thereon. Also in the event of higher fees, the defendant must be notified of his right to a hearing to contest the fees.
Here, there was no evidence or indication of a reasonable hourly rate or the time the public defender spent on the ease and the trial court failed to make factual findings warranting the imposition of the additional $400.
Consequently, we reverse the public defender lien and remand to the trial court to reduce the public defender fee to the statutorily required $100 or to hold a hearing with proper notice to obtain evidence in support of a public defender fee in an amount greater than the statutory minimum.

Reversed and remanded with instructions.

Taylor, J., and Lee, Robert W., Associate Judge, concur.

. Section 27.52(l)(b) provides that the defendant "shall pay” the fee "to the clerk .... within 7 days after submitting the application.” If the fee is not paid prior to the disposition of the case, the clerk shall notify the court and the court shall either assess the application fee "as part of the sentence or as a condition of probation” or "pursuant to s. 938.29.” Id.