DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ROLAND FOURNIER,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D16-2922

[April 18, 2018]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Dennis D. Bailey, Judge; L.T. Case No. 13-004126-CF10A and 15-005183-CF10A.

Carey Haughwout, Public Defender, and Nancy Jack, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Anesha Worthy, Assistant Attorney General, West Palm Beach, for appellee.

CONNER, J.

Appellant Roland Fournier appeals the trial court's order revoking his probation in one case, an order determining the amount of restitution in another case, and the orders imposing public defender fees in both cases. Additionally, Appellant appeals a hearsay ruling as to one ground alleged for revoking his probation and the sufficiency of evidence pertaining to another ground alleged for revoking his probation. We affirm, without discussion, the trial court's evidentiary rulings on the conditions of probation violated. However, as properly conceded by the State on appeal, we agree the trial court erred in failing to enter an order determining which conditions of probation were violated, determining the amount of restitution, and imposing public defender fees exceeding the minimum amount allowed by statute. We therefore affirm in part, reverse in part, and remand for further proceedings.

*Background*

Appellant was charged with burglary of a dwelling and petit theft. After pleading no contest to the charges, Appellant was sentenced to two years of drug offender probation with $300 in restitution for the burglary charge and one day of probation for petit theft.

Appellant's probation officer filed an affidavit of violation of probation ("VOP") alleging, among other things, that Appellant tested positive for morphine and cannabis as shown by an analysis of a urine drop obtained from Appellant a few weeks earlier. Subsequently, Appellant was charged with new offenses of uttering a forged instrument and petit theft.

Appellant's probation officer filed an amended affidavit of VOP including additional allegations, among which was that Appellant had violated his probation by changing his residence without first procuring her consent. It does not appear the new law violations relating to the uttering a forged instrument and petit theft charges were included in the amended VOP affidavit.

A VOP hearing was conducted. The trial court determined that Appellant had violated his probation with respect to the positive drug test. The trial court also found Appellant violated his probation by moving from his residence without permission. Upon determining that Appellant violated probation, the trial court revoked Appellant's probation and sentenced him to five years in prison with credit for time served for the burglary. No written order was entered stating the trial court's findings regarding what condition or conditions of probation were violated.

After the VOP proceeding, Appellant entered no contest pleas to the new charges of uttering a forged instrument and petit theft. For those charges, he was sentenced to five years in prison concurrent to the burglary sentence. The State moved for $850 of restitution for the uttering charge, to which defense counsel objected. The trial court orally ruled that it would order restitution, but reserved as to the amount. The trial court noted that if the parties could not reach an agreement as to the amount, there would be a hearing. Despite this oral pronouncement, however, the trial court entered a written restitution order for $850. The trial court also entered an order imposing a $150 public defender fee for the burglary case and a $300 public defender fee for the uttering case.

Appellant filed the instant appeal as to both the burglary and uttering cases. During the pendency of this appeal, Appellant filed a rule 3.800(b)(2) motion to correct sentencing error in the uttering case, seeking to strike the written order determining restitution in the amount of $850, on the basis that the trial court orally pronounced that it would reserve

ruling as to the amount of restitution and there was no subsequent stipulation or hearing on the amount.  It does not appear the trial court ruled on the rule 3.800(b)(2) motion.  Appellant also filed a rule 3.800(b)(2) motion to correct sentencing error in the burglary case, requesting that the trial court enter a written order setting forth the specific conditions of probation violated to justify revocation of his probation.  The record does not reflect that the second motion was ruled upon either.  Finally, Appellant filed a third rule 3.800(b)(2) motion to correct sentencing error in both cases regarding the public defender fees imposed and seeking to reduce the fees to the statutory minimum amount of $100 or to provide notice and an opportunity to be heard if the court considered imposing a fee in excess of the statutory minimum.  As with the other rule 3.800(b)(2) motions, it does not appear the trial court entered a ruling on the third motion.

*Appellate Analysis*

*The Restitution Order*

When the State moved for $850 in restitution in the uttering case, defense counsel objected.  The trial court orally ruled that it would order restitution, but reserve ruling as to the amount.  The trial court noted that if the parties could not reach an agreement as to the amount, there would be a hearing.  Despite this oral pronouncement, however, the trial court entered a written restitution order for $850.  The record does not reflect that Appellant stipulated to the restitution amount, nor does it reflect any evidence was presented by the State on this issue at the hearing.  During the pendency of this appeal, Appellant filed a rule 3.800(b)(2) motion seeking to strike the $850 award, given the trial court's oral pronouncement that it would reserve ruling as to the amount.  It does not appear the trial court ruled on the motion, and it is therefore deemed denied.  Fla. R. Crim. P. 3.800(b)(2)(B).

On appeal, Appellant correctly argues that the trial court erred in entering a written order determining the amount of restitution after orally pronouncing that it would reserve ruling on the amount of restitution pending the parties' agreement, or alternatively, conducting a hearing as to the amount.  It is well settled that "a court's oral pronouncement of sentence controls over the written document." *Ashley v. State*, 850 So. 2d 1265, 1268 (Fla. 2003).  The State agrees that the trial court erred in this regard.  Appellant is entitled to notice and an opportunity to be heard on the matter of the amount of restitution.  *See, e.g., Iaconetti v. State*, 869 So. 2d 695, 700 (Fla. 2d DCA 2004) ("It is reversible error to impose restitution without notice or hearing.").  Therefore, we reverse the order

determining the amount of restitution and remand the case for the trial court to conduct an appropriate hearing. *See Boyd v. State*, 45 So. 3d 557, 560 (Fla. 4th DCA 2010).

*Written Order Revoking Probation*

Next, Appellant correctly argues the trial court erred when it failed to enter a written order stating the specific conditions violated to justify revocation of probation. The State agrees. "If a trial court revokes a defendant's probation, the court is required to render a written order noting the specific conditions of probation that were violated." *King v. State*, 46 So. 3d 1171, 1172 (Fla. 4th DCA 2010). The matter was preserved for review when Appellant filed a rule 3.800(b)(2) motion requesting the trial court enter a written order setting forth the specific conditions violated, but the motion was not ruled upon within sixty days and is therefore deemed denied. Fla. R. Crim. P. 3.800(b)(2)(B). Because the order of revocation of probation in the burglary case does not specify the conditions Appellant violated, we remand for the trial court to amend the order to include the conditions that it found were violated at Appellant's VOP hearing. *See King*, 46 So. 3d at 1172.

*Order Imposing Public Defender Fees*

Lastly, Appellant correctly argues the trial court erred when it imposed public defender fees above the statutory minimum without notice and an opportunity to be heard. The State agrees. "[A] public defender fee amount that exceeds the statutory minimum fee [is] discretionary and accordingly 'must be orally pronounced at sentencing because such costs may not be imposed without affording the defendant notice and an opportunity to be heard.'" *Alexis v. State*, 211 So. 3d 81, 83 (Fla. 4th DCA 2017) (quoting *Mills v. State*, 177 So. 3d 984, 985 (Fla. 1st DCA 2015)). "The trial court must announce at sentencing the amount of the lien, as well as 'the accused's right to a hearing to contest the amount of the lien.'" *Id.* (quoting Fla. R. Crim. P. 3.720(d)(1)). For felony charges, the trial court is mandated to impose a minimum public defender fee of $100. *See id*; § 938.29(1)(a), Fla. Stat. (2016).

In this case, the trial court entered an order imposing a $150 public defender fee for the burglary case and a $300 public defender fee for the uttering case without providing Appellant an opportunity to contest the fee or advising him of his right to a hearing on same. Appellant filed a rule 3.800(b)(2) motion to correct sentencing error in both cases regarding the public defender fees imposed, and seeking to reduce the fee to the statutory minimum amount of $100 or to provide notice and an

opportunity to be heard if the court considered imposing a fee in excess of the statutory minimum. However, the trial court did not rule on the motions and therefore they are deemed denied. Fla. R. Crim. P. 3.800(b)(2)(B).

We reverse the orders imposing the public defender fees and "remand to the trial court to reduce the public defender fee[s] to the statutorily required $100 or to hold a hearing with proper notice to obtain evidence in support of a public defender fee in an amount greater than the statutory minimum." *Alexis*, 211 So. 3d at 83.

Having determined that two of the issues Appellant raised on appeal did not demonstrate reversible error, but three of the issues raised did, we affirm in part, reverse in part, and remand for proper orders to be entered and required hearings to be conducted.

*Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.*

GERBER, C.J., and TAYLOR, J., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**