DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TIMOTHY T. BAKER,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-3331

[June 27, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Samantha Schosberg Feuer, Judge; L.T. Case No. 502016CF008356AXXXMB.

Carey Haughwout, Public Defender, and Timothy Wang, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Rachael Kaiman, Assistant Attorney General, West Palm Beach, for appellee.

DAMOORGIAN, J.

Appellant, Timothy Baker, appeals his judgment and sentence for one count of felon in possession of a firearm and one count of possession of cocaine. Appellant argues that he is entitled to a new trial and/or sentencing hearing because: 1) the State improperly introduced evidence that the vehicle he occupied at the time of his arrest was stolen; 2) the prosecutor improperly bolstered the credibility of the arresting officer during closing argument; and 3) the court relied on impermissible factors when imposing its sentence. We affirm on these issues. Appellant also appeals the portion of his sentence imposing a public defender fee of $200. On this issue, the State properly concedes error and we reverse and remand.

Appellant was charged with one count of felon in possession of a firearm, one count of grand theft auto, and one count of possession of cocaine after he was found sleeping in a stolen vehicle with crack cocaine and a gun near his person. Pursuant to Appellant's request, the felon in possession charge was severed and tried independently. The jury found

Appellant guilty of being a felon in possession of a firearm. After a careful review of the record, we hold that no reversible error occurred during the trial.

In anticipation of sentencing, the State filed a written sentencing memorandum wherein it argued that, based on the fact Appellant acquired twelve felony and nine misdemeanor convictions by the age of twenty-three, the maximum sentence of ten years for the felon in possession of a firearm conviction was appropriate. In its memorandum and again at the sentencing hearing, the State represented that Appellant was released from prison for the offense of being a delinquent in possession of a firearm a mere forty-seven days before he was arrested in the instant case. A prior conviction for delinquent in possession of a firearm was reflected on Appellant's scoresheet and Appellant's counsel agreed that his scoresheet was accurate. After considering the parties' arguments, the court sentenced Appellant to ten years in prison with a three-year minimum mandatory on the felon in possession charge. In doing so, the court reasoned:

> [T]he severity of the offense increases with the length and nature of the offender's prior record. Now you, know, twelve prior convictions included the most recent conviction . . . where the defendant served eighteen months in the Department of Corrections for a delinquent in possession of a firearm. . . . And that was forty-seven days—he was released forty-seven days before the date of the offense in the case. So, you know, obviously I've taken his prior record into consideration, as well as the severity of the primary offense.

In conjunction with this sentence, the court also entered a $100 public defender fee lien. Thereafter, the State nolle prossed the grand theft auto charge and Appellant pled guilty to the remaining possession of cocaine charge. The court sentenced Appellant to time served on the possession of cocaine charge and entered another $100 public defender fee lien.

On appeal, Appellant argues that this Court should remand for resentencing because the State did not offer any proof substantiating its claim that Appellant was recently released from prison for the offense of being a delinquent in possession of a firearm. Appellant cites to no authority establishing that the State must offer proof of a defendant's prior release date when the underlying conviction is not in dispute and the release date is not being used to prove eligibility for an enhanced sentence. Indeed, it was entirely proper for the State to advise the court about Appellant's undisputed criminal history. *See* § 921.002(1)(d), Fla. Stat.

2

(2017) (providing that under the Criminal Punishment Code, "[t]he severity of the sentence increases with the length and nature of the offender's prior record"). Therefore, Appellant is not entitled to resentencing.

With regard to the public defender fees, section 938.29 of the Florida Statutes (2017) governs attorney's fee liability for a criminal defendant who receives assistance from the public defender's office. For cases involving a felony, sub-section 938.29(1)(a) provides that "fees and costs shall be set . . . at no less than $100 per case." A court *may* impose a higher fee, but "there must be evidence of the higher fees or costs and the trial court must make factual findings thereon. Also in the event of higher fees, the defendant must be notified of his right to a hearing to contest the fees." *Alexis v. State*, 211 So. 3d 81, 83 (Fla. 4th DCA 2017).

Here, the court imposed a total of $200 in public defender fees in the same case without evidence supporting that amount, without making any factual findings as to the amount, and without informing Appellant of his right to challenge the fees. Therefore, we are compelled to reverse and remand for the trial court to either vacate the second $100 fee lien or "to hold a hearing with proper notice to obtain evidence in support of a public defender fee in an amount greater than the statutory minimum." *Id.*

*Affirmed in part, reversed in part and remanded.*

KUNTZ, J., and FAHNESTOCK, FABIENNE, Associate Judge, concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**