DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DOMINIC NATHANIEL DAVIS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-2500

[October 31, 2018]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael A. Usan, Judge; L.T. Case No. 14010832 CF10A.

Carey Haughwout, Public Defender, and Brad R. Schlesinger, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Anesha Worthy, Assistant Attorney General, West Palm Beach, for appellee.

**CONFESSION OF ERROR**

PER CURIAM.

Dominic Davis appeals his conviction and sentence for felony battery with a weapon. Davis argues the written jury instructions were defective for failing to include "and" between the two numbered elements constituting felony battery. We affirm that issue without comment. However, Davis also appeals the amended portion of his sentence imposing a public defender fee in excess of $100, which the State correctly concedes was improper. We agree, and reverse and remand on that point.

The trial court sentenced Davis to twenty years in prison and imposed a $400 public defender fee.[1] Davis moved to correct the public defender fee amount under Florida Rule of Criminal Procedure 3.800(b)(2), and asked the trial court to strike the $400 fee and impose the $100 fee required under section 938.29(1)(a), Florida Statutes (2018), or hold a

---

[1] Davis does not dispute the $50 public defender application fee. § 938.29(1)(a), Fla. Stat. (2018).

hearing to determine the proper fee amount. The trial court granted Davis's motion, struck the $400 fee, and imposed a $300 fee. On appeal, Davis asks this court to require the trial court to strike the public defender fee, and either impose the $100 fee or hold a hearing. We agree.

"[T]he imposition of a public defender fee that exceeds the statutory minimum can only occur 'upon a showing of sufficient proof of higher fees or costs incurred.'" *Alexis v. State*, 211 So. 3d 81, 82 (Fla. 4th DCA 2017) (quoting § 938.29(1)(a)). From this evidence, the trial court is required to make factual findings that such higher fees or costs were actually incurred. *See id.* at 82-83. Additionally, when a trial court exercises its discretion to impose a public defender fee exceeding the statutory minimum, the fee "must be orally pronounced at sentencing because such costs may not be imposed without affording the defendant notice and an opportunity to be heard." *Id.* at 83 (quoting *Mills v. State*, 177 So. 3d 984, 985 (Fla. 4th DCA 2010)).

Accordingly, we reverse the amended public defender fee in the amount of $300 because the trial court failed to make any factual findings as to the fee amount. Moreover, the trial court failed to provide Davis with notice or an opportunity to contest the amount. We remand to correct those errors. *See id.*

*Affirmed in part; reversed in part and remanded for further proceedings consistent with this opinion.*

GERBER, C.J., LEVINE and KLINGENSMITH, JJ., concur

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***