LAMBERT, J.
Jomar Morales Negron appeals an order awarding $1044.48 in investigative costs to the Osceola County Sheriff's Office. Negron was adjudicated guilty and sentenced by the trial court pursuant to a plea agreement on three felonies. Consistent with this agreement, the court reserved jurisdiction to determine the investigative costs at an evidentiary hearing.
Section 938.27(1), Florida Statutes (2018), provides, in pertinent part, that in *1267 all criminal cases, convicted persons are liable for payment of the costs of prosecution, including investigative costs incurred by law enforcement agencies if requested by such agencies. Investigative costs include the actual expenses incurred in conducting the investigation and prosecution of the criminal case and may also include the salaries of permanent employees. § 938.27(7), Fla. Stat.
At the hearing held on investigative costs, the Osceola County Sheriff's Office submitted an affidavit to the court showing that one of its detectives had spent fifteen hours "dedicated to the investigation and preparation for trial" in this case and that two other deputies had each expended six hours, all at the rate of $38 per hour. All totaled, the Sheriff's Office was seeking $1026 in investigative costs for the "salaries" of these three employees, plus an additional $18.48 for actual expenses incurred.[1] The only witness who testified at the hearing was the aforementioned detective. His testimony was that he was paid approximately $23 per hour by the Osceola County Sheriff's Office and that he had no knowledge as to what either of the two deputies were paid.
The trial court admitted the Sheriff's Office's affidavit into evidence over a timely hearsay objection and awarded the full amount of requested investigative costs. The court concluded that the $38 hourly rate stated in the affidavit "doesn't necessarily equate with the actual take home salary the person gets ... we all understand that benefits for employees are usually up to about 50 percent of the salary ... in the cost of the employee." On appeal, Negron asserts that this is error and asks that we strike the order and remand for a new hearing. We agree.
An award of investigative costs must be supported by competent substantial evidence. See Speed v. State , 262 So.3d 267, 268 (Fla. 5th DCA 2019). Here, the only competent, non-hearsay evidence presented at the hearing as to salaries was the detective's testimony that he was paid by the Osceola County Sheriff's Office at the rate of $23 per hour. While the trial court explained why it found that the salaries for the detective and the deputies should be assessed at the higher rate of $38 per hour, its reasoning was not based on any competent evidence presented.
Accordingly, we strike the order awarding investigative costs and remand with instructions to hold a new hearing. See Phillips v. State , 942 So.2d 1042, 1044 (Fla. 2d DCA 2006).
ORDER STRICKEN; REMANDED with instructions.
COHEN and EISNAUGLE, JJ., concur.

Negron has not challenged the amount awarded for actual expenses.