DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TRAVIS T. BRINSON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-2792

[September 2, 2020]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Dan L. Vaughn, Judge; L.T. Case No. 312018CF000084A.

Carey Haughwout, Public Defender, and Erika Follmer, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Paul Patti, III, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Travis Brinson appeals his conviction for possession of cocaine and the trial court's denial of his motion to correct sentence. The trial court sentenced him to eighteen months of probation and imposed the following court costs: a $3.50 clerk fee, a $50.00 public defender's application fee, $202.80 in public defender fees, and $150.00 for the county drug abuse trust fund. Brinson argues that the trial court erred when imposing certain court costs. We affirm his conviction without comment, but find that $102.80 of the public defender's fee, and the $150.00 county drug abuse trust fund fee, constitute error.

This court reviews a motion to correct a sentencing error de novo because it presents a purely legal issue. *See Willard v. State*, 22 So. 3d 864, 864 (Fla. 4th DCA 2009).

Fees and costs relating to a defendant's representation by the public defender's office are governed by section 938.29, Florida Statutes (2019). Defendants are required to pay a statutory minimum fee of $100.00 when

charged with a felony offense.  *See* § 938.29(1)(a), Fla. Stat.  "Because these fees are statutorily mandated, notice and a hearing are not required before imposition of the minimum amount."  *Alexis v. State*, 211 So. 3d 81, 82 (Fla. 4th DCA 2017).

To set a public defender's fee higher than the minimum amount, the trial court must have "sufficient proof of higher fees or costs incurred." *See* § 938.29(1)(a), Fla. Stat.  A public defender's fee that exceeds the statutory minimum "must be orally pronounced at sentencing because such costs may not be imposed without affording the defendant notice and an opportunity to be heard."  *Davis v. State*, 256 So. 3d 902, 902 (Fla. 4th DCA 2018) (quoting *Alexis*, 211 So. 3d at 83). In this case, the trial court did not orally pronounce the addition of $102.80 to the public defender fee at sentencing, thus denying Brinson notice and an opportunity to contest the increase.  *See id.*

Additionally, when a defendant is convicted of a drug-related crime, the trial court may assess fees for the county drug abuse trust fund.  *See* § 938.23, Fla. Stat. (2019); *Desrosiers v. State*, 286 So. 3d 297, 300 (Fla. 4th DCA 2019).  Before imposing this fee, however, the trial court must first find the defendant has the ability to pay it.  *See Gunn v. State*, 818 So. 2d 681 (Fla. 4th DCA 2002).  As to this fee, the trial court did not make the required finding as to Brinson's ability to pay.  *See id.*

Accordingly, we reverse the county drug abuse trust fund fee and that part of the public defender's fee above the statutory minimum and remand for further proceedings.  On remand, the trial court may increase the public defender's fee and impose the county drug abuse fund fee if the appropriate factual findings are made at a new hearing.  *See Migliore v. State*, 953 So. 2d 754, 754 (Fla. 2d DCA 2007); *Desrosiers*, 286 So. 3d at 300.

*Affirmed in part, reversed in part, and remanded.*

WARNER, MAY and KLINGENSMITH, JJ., concur.

\*        \*        \*

***Not final until disposition of timely filed motion for rehearing.***

2