DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GIOVANNI F. ESCOBAR,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-1972

[December 2, 2020]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Gary L. Sweet, Judge; L.T. Case No. 562017CF002014A.

Carey Haughwout, Public Defender, and Timothy Wang, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Allan R. Geesey, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Appellant Giovanni F. Escobar appeals his conviction and sentence for credit card fraud and the trial court's denial of his motion to correct sentence. We affirm his conviction without comment but find that the trial court erred when imposing fees.

At the sentencing hearing, the trial court orally announced a $1,250.00 conflict counsel fee and reduced other fees to a civil judgment and lien. The written sentencing order instead reflected two public defender fees: one for $1,250.00 and another for $500.00. The trial court failed to rule on Escobar's motion to correct sentence within sixty-days, and the motion was deemed denied. *See* Fla. R. Crim. P. 3.800(b)(2)(B). This appeal followed.

"This court reviews a motion to correct a sentencing error de novo because it presents a purely legal issue." *Brinson v. State*, 302 So. 3d 916, 917 (Fla. 4th DCA 2020).

Under section 938.29(1)(a), Florida Statutes (2019), indigent defendants are required to pay a statutory minimum public defender fee of $100.00 in felony cases. "[T]he imposition of a public defender fee that exceeds the statutory minimum can only occur upon a showing of sufficient proof of higher fees or costs incurred." *Davis v. State*, 256 So. 3d 902, 902 (Fla. 4th DCA 2018) (alteration in original) (quoting *Alexis v. State*, 211 So. 3d 81, 82 (Fla. 4th DCA 2017)). Additionally, the trial court must orally pronounce any increases from the statutory minimum public defender fee because the increase is discretionary and the defendant is entitled to notice and an opportunity to be heard. *See id.; see also Fournier v. State*, 244 So. 3d 307, 310 (Fla. 4th DCA 2018) (same).

When a defendant is represented by private court-appointed counsel, the Justice Administrative Commission is in charge of establishing flat fees for compensation. *See* § 27.5304(1), Fla. Stat. (2019). The Justice Administrative Commission also reviews the private counsel's intended billing statement "for completeness and compliance with contractual and statutory requirements." § 27.5304(2), Fla. Stat. (2019).

The trial court erred by issuing the $500.00 public defender fee because it did not announce that fee at the sentencing hearing and did not provide a justification for deviating from the statutory minimum fee. And although the trial court announced the $1,250.00 conflict counsel fee, it was erroneously noted as a public defender fee in the sentencing order.

Therefore, we reverse the two public defender fees and remand for further proceedings. On remand, the trial court should identify the $1,250.00 public defender fee as a conflict counsel fee, in line with the oral pronouncement. *See Santiago v. State*, 133 So. 3d 1159, 1167 (Fla. 4th DCA 2014) ("Where a trial court's written sentencing order conflicts with the oral pronouncement, the oral pronouncement controls."). This will also ensure that the fee will be reviewed by the Justice Administrative Commission. Regarding the $500.00 public defender fee, the trial court should either reduce the amount to the statutory minimum or hold a hearing to justify the increase.

*Reversed and remanded with instructions.*

GERBER, CONNER, and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***