# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**LEROY A. ROEBUCK,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-3628

[March 3, 2021]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Barbara R. Duffy, Judge; L.T. Case No. 18-005107CF10A.

Carey Haughwout, Public Defender, and Robert Porter, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.

KUNTZ, J.

Leroy Roebuck appeals his convictions and sentences for petit theft and resisting a police officer without violence. He raises four issues on appeal. We affirm Roebuck's convictions and sentences, but remand in part for further proceedings.

Roebuck argues the court erred in denying a motion to suppress evidence obtained from a search warrant and in denying his motion for judgment of acquittal. On these two issues, we affirm without further discussion.

Roebuck next contends that the court's written judgment incorrectly labeled his petit theft conviction a first-degree misdemeanor. The State agrees that this scrivener's error appears on the face of the judgment. As such, we agree the court must correct the judgment. *See, e.g., Ismer v. State*, 253 So. 3d 769, 769 (Fla. 2d DCA 2018). On remand, the circuit court shall correct the judgment to state that Roebuck was convicted of a

violation of section 812.014(3)(a), Florida Statutes (2019), a second-degree misdemeanor. Roebuck need not be present for the correction. *Id.*

Roebuck also argues and the State concedes that the court erred in imposing several court costs. The first is a $26 cost authorized by the Seventeenth Judicial Circuit's Administrative Order VI-02-D-3 for cases heard in county court. We agree that the $26 assessment was improper and must be removed. In addition, the court incorrectly assessed $10 under section 318.18(19), Florida Statutes (2019); $30 under section 318.13(13)(a), Florida Statutes (2019); and $65 under section 318.18(2), Florida Statutes (2019). As the Defendant was not charged and convicted of a traffic offense, these costs must also be removed.

Finally, Roebuck challenges the $200 assessment for the public defender's fee. The legislature requires the court to assess a minimum of $100 for the public defender's fee where a felony offense was charged. To assess a higher amount, the court must have "sufficient proof of higher fees or costs incurred." *Brinson v. State*, 302 So. 3d 916, 918 (Fla. 4th DCA 2020) (citing § 938.29(1)(a), Fla. Stat. (2019)). Here, the court did not receive evidence supporting the increased fee or advise Roebuck of his right to challenge the higher fee. On remand, the court must either reduce the public defender's fee to $100 or hold a hearing after giving notice to Roebuck. *See, e.g.*, *Baker v. State*, 250 So. 3d 122, 124 (Fla. 4th DCA 2018).

In conclusion, we affirm Roebuck's convictions and sentences. But we remand to the circuit court for three reasons. First, the court must correct the scrivener's errors on the judgment. Second, the court must remove the costs improperly assessed. Third, the court must either reduce the public defender's fee to $100 or "hold a hearing with proper notice to obtain evidence in support of a public defender fee in an amount greater than the statutory minimum." *Alexis v. State*, 211 So. 3d 81, 83 (Fla. 4th DCA 2017).[1]

*Affirmed and remanded for further proceedings.*

---

[1] In *A.C. v. State*, 45 Fla. L. Weekly D2784 (Fla. 2d DCA 2020), the Second District certified conflict with *Alexis*, 211 So. 3d 81 and *Mills v. State*, 177 So. 3d 984 (Fla. 1st DCA 2015) (en banc). The Second District held that a defendant must be given notice of the right to contest the imposition of the statutory minimum $100 fee. *Id.* Roebuck argues the court "must either reduce the public defender's fee to the statutorily required $100 or provide [him] the opportunity to contest the fee amount." So even if the Florida Supreme Court accepts jurisdiction of *A.C.*, the court's resolution of the certified conflict will not impact this case.

GERBER and FORST, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***