DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ROY LEE ICON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D20-246

[June 9, 2021]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Charles A. Schwab, Judge; L.T. Case No. 562018CF003177B.

Carey Haughwout, Public Defender, and Alan T. Lipson, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Allan R. Geesey, Assistant Attorney General, West Palm Beach, for appellee.

KLINGENSMITH, J.

Roy Lee Icon appeals his conviction and sentence for possession of cannabis, drug paraphernalia, and cocaine. We affirm his conviction without comment. However, Icon also argues that the trial court erred in imposing several fees and costs at sentencing. We agree with respect to the public defender fees over the statutory minimum and the investigative cost and remand for the trial court to make the necessary corrections.

After Icon was convicted of the above offenses, the trial court orally pronounced a $50.00 investigative cost, a $1,500.00 public defender fee and a $185.50 public defender transcript fee, among others. When the trial court asked Icon if he agreed to pay the fees or wanted a hearing to contest them, he stated the following: "Uh, I – I could try to pay it, as much as I can I guess. Man, I don't know." Later, when told by his attorney that the fees and costs would become a lien, he stated: "I get social security, so I don't know how I'm gonna pay that. Man, I ain't got . . . nothing to pay with it, sir. I mean, once I get out, I guess I can pay." Despite these unclear responses, the trial court imposed the fees and costs and instructed Icon to set up a payment plan with the Clerk of the Court. Notably, before the trial court imposed the fees and costs, it did not

require the public defender or the State to provide proof to support the requested amounts.

Section 938.29(1)(a), Florida Statutes (2020), states that "[a] defendant who is convicted of a criminal act . . . and who has received the assistance of the public defender's office . . . shall be liable for payment of the assessed application fee under s. 27.52 and attorney's fees and costs." These fees and costs must be set "at no less than $50 per case when a misdemeanor or criminal traffic offense is charged and no less than $100 per case when a felony offense is charged." § 938.29(1)(a), Fla. Stat. (2020). "The court may set a higher amount upon a showing of sufficient proof of higher fees or costs incurred." *Id.* To constitute "sufficient proof" there must be evidence of the higher fees or costs, and the trial court must make factual findings thereon. *See Alexis v. State*, 211 So. 3d 81, 83 (Fla. 4th DCA 2017); *Maestas v. State*, 76 So. 3d 991, 993 (Fla. 4th DCA 2011).

Section 938.27(1), Florida Statutes (2020), states that in all criminal cases, "convicted persons are liable for payment of the costs of prosecution, including investigative costs incurred by law enforcement agencies." There is no statutory minimum for an award of investigative costs. *See* § 938.27, Fla. Stat. (2020). This award must simply "be supported by competent substantial evidence." *Negron v. State*, 266 So. 3d 1266, 1267 (Fla. 5th DCA 2019). However, an award of investigative costs need not be supported by evidence if the defendant affirmatively agrees to pay the requested amount. *See Ingalls v. State*, 304 So. 3d 21, 21 (Fla. 4th DCA 2020) (stating that the defendant could not challenge the imposition of a $200.00 cost of prosecution based on a lack of evidence when that cost was listed in his plea agreement). The same is true when a defendant affirmatively agrees to pay public defender fees. *See id.*

Because Icon was convicted of a felony offense, the trial court properly imposed a $100.00 public defender fee on him. *See* § 938.29(1)(a), Fla. Stat. (2020). However, the trial court erred in imposing the remaining $1,400.00 of the $1,500.00 public defender fee as well as the $185.00 transcript fee on Icon because he did not affirmatively agree to pay these amounts and there was no proof to support them. *See Ingalls*, 304 So. 3d at 21; *Alexis*, 211 So. 3d at 83; *Maestas*, 76 So. 3d at 993. The trial court also erred in imposing the $50.00 investigative cost on Icon because he did not agree to pay this cost and it was not supported by competent substantial evidence. *See Ingalls*, 304 So. 3d at 21; *Negron*, 266 So. 3d at 1267. On remand, the trial court may reimpose these fees and costs either upon Icon's agreement to pay them or upon the requesting party's submission of competent substantial evidence to support them.

*Affirmed in part, reversed in part, and remanded with instructions.*

GROSS and GERBER, JJ., concur.

\*      \*      \*

*Not final until disposition of timely filed motion for rehearing.*