DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TIMOTHY ADAM WALDING,**
Petitioner,

v.

**STATE OF FLORIDA,**
Respondent.

No. 4D21-820

[November 3, 2021]

Petition alleging ineffective assistance of appellate counsel to the Fifteenth Judicial Circuit, Palm Beach County; Daliah H. Weiss, Judge; L.T. Case No. 50-2017-CF-009818-AXXX-MB.

Timothy Adam Walding, Crestview, pro se.

Ashley Moody, Attorney General, Tallahassee, and Marc B. Hernandez, Assistant Attorney General, West Palm Beach, for respondent.

PER CURIAM.

In this petition for ineffective assistance of appellate counsel, petitioner contends that his counsel failed to file a Florida Rule of Criminal Procedure 3.800(b)(2) motion related to costs imposed at sentencing, as well as the imposition of a mandatory minimum sentence. We grant the motion as to the failure to file a rule 3.800(b)(2) motion as to the costs. We deny the motion as to the minimum sentence.

Petitioner was convicted of sexual battery with a deadly weapon, false imprisonment while in possession of a weapon, and burglary with an assault or battery. The court sentenced him to fifty years in prison. While an appeal was pending to this court, the trial court entered an order related to costs. The appeal did not raise any cost issues, and no rule 3.800(b)(2) motion was filed. This Court affirmed by written opinion. *Walding v. State*, 307 So. 3d 754 (Fla. 4th DCA 2020).

Petitioner then filed this petition for ineffective assistance of appellate counsel. First, he claims that appellate counsel was ineffective for failing to file a rule 3.800(b)(2) motion challenging $1,382 in discretionary costs

that were not orally pronounced. At sentencing, the trial court stated that it would impose standard fines and costs, but the written order imposed $1,382 in costs, labeled "Discretionary or Specific Offense/Required Costs." The order further stated that the $1,382 in costs are "Criminal Domestic/Rape/Child Adv Costs/FDLE CF[.]" No breakdown of the costs was included in the order, and the statutorily mandated costs did not add up to the amount imposed.

The court also imposed $7,306.50 in defense fees and costs which were not orally pronounced. The request for these costs was filed over a month after the written sentencing orders were filed, and the court granted the judgment for costs without a hearing over sixty days after sentencing. Again, petitioner claims that counsel should have filed a rule 3.800(b)(2) motion challenging these fees and costs, as petitioner did not have notice and an opportunity to be heard on the amount. Finally, he claims that appellate counsel should have filed a rule 3.800(b)(2) motion challenging the fifty-year mandatory minimum sentence, because it was not orally pronounced.

We have held that appellate counsel can be ineffective for failing to file a rule 3.800(b)(2) motion. *See Hernandez v. State*, 137 So. 3d 542, 542 (Fla. 4th DCA 2014) (citing *Martinez v. State*, 123 So. 3d 701, 703 (Fla. 1st DCA 2013)). Our court has also recognized that rule 3.800(b)(2) is available to a defendant to seek correction of a sentence imposing costs. *See Walden v. State*, 112 So. 3d 578, 579 (Fla. 4th DCA 2013) (concluding that "the defendant can seek relief from unauthorized costs, including the failure to orally impose such costs, through rule 3.800(b) after sentencing").

Based on *Walden*, appellate counsel could have filed a rule 3.800(b)(2) motion alleging that the $1,382 costs judgment was not sufficiently supported or orally pronounced. The State cannot account for all of the costs, nor can it say whether the costs were statutorily mandated. Appellate counsel should have realized that these costs may be discretionary, and petitioner was entitled to notice of any discretionary costs. *See Finkelstein v. State*, 944 So. 2d 1226, 1227 (Fla. 4th DCA 2006) ("Statutorily mandated costs may be imposed without notice to the defendant. However, the trial court is required to give the defendant notice of the imposition of discretionary costs and to make an oral pronouncement of such costs and their statutory basis." (citations omitted)). Accordingly, petitioner would have been entitled to a hearing on these discretionary costs. *See id.* (reversing and remanding with instructions to the trial court to give Finkelstein notice of his right to a hearing on the matter and to schedule a hearing if one is requested).

Similarly, appellate counsel was ineffective for failing to file a rule 3.800(b)(2) motion challenging the $7,306.50 in defense fees and costs. These costs were not orally pronounced, and petitioner did not have an opportunity to contest them. The entire amount appears to be defense costs assessed pursuant to section 938.29, Florida Statutes (2018). That provision requires: "Attorney's fees and costs shall be set in all cases at no less . . . than $100 per case when a felony offense is charged . . . . The court *may* set a higher amount upon a showing of sufficient proof of higher fees or costs incurred." § 938.29(1)(a), Fla. Stat. (2018) (emphasis added). "[A] public defender fee amount that exceeds the statutory minimum fee thereby becomes discretionary and accordingly 'must be orally pronounced at sentencing because such costs may not be imposed without affording the defendant notice and an opportunity to be heard.'" *Alexis v. State,* 211 So. 3d 81, 83 (Fla. 4th DCA 2017) (quoting *Mills v. State,* 177 So. 3d 984, 985 (Fla. 1st DCA 2015)). The court in this case did not orally pronounce any fees or costs and petitioner was thus deprived of notice and an opportunity to be heard on the costs. *See* § 938.29(5), Fla. Stat. (2018); *Alexis,* 211 So. 3d at 83.

As to the mandatory minimum sentence, there was no ineffective assistance of counsel. The record demonstrates that the court orally imposed the mandatory minimum fifty-year sentence, as the court stated several times during sentencing that Count I would carry the mandatory minimum sentence.

We need not remand for another appeal, as that would be redundant to the petition in this case. Instead, we grant the petition and direct the trial court to conduct a hearing on the $1,382 costs assessed, as we cannot glean from this record whether such costs were mandatory under a statute or discretionary. The trial court should strike any discretionary costs which it had imposed without notice and opportunity for the defendant to be heard. Moreover, neither the State nor the defense provided any support for an amount higher than the statutorily mandated $100 public defender fee at sentencing. Consistent with *Alexis,* "we reverse the public defender lien and remand to the trial court to reduce the public defender fee to the statutorily required $100 or to hold a hearing with proper notice to obtain evidence in support of a public defender fee in an amount greater than the statutory minimum." 211 So. 3d at 83.

*Reversed and remanded for further proceedings.*

GROSS and FORST, JJ., concur.
WARNER, J., concurs specially with opinion, in which GROSS, J., concurs.

WARNER, J., concurring specially.

I concur in the majority opinion which reverses, granting the State a second opportunity to establish the costs and fees. But for our prior precedent, I would not permit a second opportunity to establish the costs and fees, as it violates double jeopardy principles.

The trial court did not orally pronounce any costs at sentencing. It merely noted that the "standard" costs and fees would be imposed. At best, that would include mandatory costs and fees. In *Fournier v. State*, 244 So. 3d 307 (Fla. 4th DCA 2018), and *Escobar v. State*, 308 So. 3d 174 (Fla. 4th DCA 2020), where costs and fees were not orally pronounced, we reversed their imposition but allowed the State to justify their imposition at a new hearing. I disagree with that precedent.

The imposition of fees and costs are deemed part of the sentence. *See Advisory Op. to Governor re Implementation of Amendment 4, the Voting Restoration Amendment*, 288 So. 3d 1070, 1083 (Fla. 2020). The oral pronouncement of sentence prevails over the written sentence, and it violates double jeopardy to increase a sentence once a defendant begins to serve it. *See Ashley v. State*, 850 So. 2d 1265, 1267–68 (Fla. 2003). In cases such as *Alexis*, 211 So. 3d 81 (Fla. 4th DCA 2017), or *Desrosiers v. State*, 286 So. 3d 297 (Fla. 4th DCA 2019), where the court orally pronounced discretionary costs which were not supported with any evidence, we have allowed the State an opportunity to support discretionary costs in a subsequent hearing. Where costs are not even orally pronounced, double jeopardy principles prevent the State from seeking a further assessment of costs which are part of the sentence.

If the State does elect to pursue a new hearing to establish these increased costs, the double jeopardy issue may be addressed. But for our precedent, I would simply have stricken the costs and fees without an opportunity to reimpose them in violation of constitutional standards.

GROSS, J., concurs.

\*　　　\*　　　\*

***Not final until disposition of timely filed motion for rehearing.***