DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JAMIN R. FORD,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2023-0208

[May 1, 2024]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Sherwood Bauer, Jr., Judge; L.T. Case No. 432019CF000987A.

Carey Haughwout, Public Defender, and Virginia J. Murphy, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Paul Patti, III, Senior Attorney General, West Palm Beach, for appellee.

GERBER, J.

The defendant appeals from his conviction and sentence for burglary of an occupied dwelling, as a lesser included offense of the charged offense of burglary of an occupied dwelling with assault. The defendant raises three arguments, two of which relate to his conviction, and one of which relates to his sentence. Only the sentencing argument has merit. We also have identified a fourth issue which requires the ministerial correction of the defendant's written judgment regarding the correct statute upon which the defendant's conviction for the lesser included offense was based.

First, the defendant argues the circuit court erred in denying his motion for judgment of acquittal. The defendant's motion had argued the state had not shown prima facie evidence that he had an intent to commit an offense upon his unconsented early morning entry into the victim's home and bedroom. The defendant acknowledged the victim testified she had awoken to see the defendant standing over her bed while appearing to masturbate with his hand inside his pants. However, the defendant argued the victim testified she had not been able to see the defendant's

penis, the defendant had not attempted to touch her in any way, and the defendant had not committed any other offense before he jumped out of the victim's bedroom window.

Applying de novo review, we conclude the circuit court properly denied the defendant's motion for judgment of acquittal. *See Petit v. State*, 321 So. 3d 286, 288 (Fla. 4th DCA 2021) ("[T]he standard of review for the denial of a motion for judgment of acquittal is de novo.") (quotation marks and citations omitted); § 810.02(1)(b)1., Fla. Stat. (2019) ("[B]urglary" means … [e]ntering a dwelling, a structure, or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter[.]") (emphases added); § 810.07(1), Fla. Stat. (2019) ("In a trial on the charge of burglary, *proof of the entering of such structure or conveyance at any time stealthily and without consent of the owner or occupant thereof is <u>prima facie evidence of entering with intent to commit an offense</u>.") (emphases added).

Second, the defendant argues he was entitled to a twelve-person jury under the United States Constitution's Sixth and Fourteenth Amendments. We have previously rejected this argument, and do so again here. *See Guzman v. State*, 350 So. 3d 72, 73 (Fla. 4th DCA 2022), *rev. denied*, No. SC2022-1597, 2023 WL 3830251 (Fla. June 6, 2023).

Third, the defendant argues the circuit court erred in not granting the defendant's Florida Rule of Criminal Procedure 3.800(b)(2) motion to correct a sentencing error in ordering the defendant to pay a $5,000 public defender fee, where the defendant: (1) had received the assistance of a private conflict attorney, but (2) the circuit court had not given the defendant notice of, or afforded the defendant an opportunity to contest, the $5,000 public defender fee to the extent it exceeded the $100 statutory minimum, (3) the private conflict attorney had not made a showing of sufficient proof of the higher fees incurred, and (4) the circuit court had not made factual findings warranting the higher fees.

Applying de novo review, we agree with this argument. *See Escobar v. State*, 308 So. 3d 174, 175 (Fla. 4th DCA 2020) ("This court reviews a motion to correct a sentencing error de novo because it presents a purely legal issue."); § 938.29(1)(a), Fla. Stat. (2019) ("A defendant who is convicted of a criminal act … and who has received the assistance of … a private conflict attorney … shall be liable for … attorney's fees and costs … at no less than … $100 per case when a felony offense is charged[.] … *The court may set a higher amount upon a showing of sufficient proof of higher fees or costs incurred*.") (emphases added); Fla. R. Crim. P. 3.720(d)(1) ("*The court must give notice of, and afford the defendant an*

2

*opportunity to contest*, any amounts [of imposed fees and costs] exceeding the statutory minimum.") (emphases added); *Maestas v. State*, 76 So. 3d 991, 993 (Fla. 4th DCA 2011) (public defender fee exceeding the statutory minimum was erroneously imposed because "*the trial court failed to make factual findings warranting the imposition of*" the additional fees) (emphases added). *See also generally Alexis v. State*, 211 So. 3d 81, 82 (Fla. 4th DCA 2017) (setting forth the relevant statutory authority and case law concerning the imposition of a public defender fee above the statutory minimum).

The sentencing transcript indicates the private conflict attorney at one point told the circuit court, "$5,000 … is the flat fee," to which the circuit court responded, "[I]f that's [the] fixed amount for the type of charge … I will assess $5,000, which I think is in the court appointed registry … rate schedule." Based on this exchange, we presume the private conflict attorney and the circuit court may have been referring to the amount by which the private conflict attorney was to be compensated by contract with the Justice Administrative Commission ("JAC"). *See* § 27.52(5)(f), Fla. Stat. (2022) ("Private counsel representing a person declared indigent for costs shall execute the [JAC's] contract for counsel representing persons determined to be indigent for costs."). However, if our presumption is correct, then the circuit court's written judgment, ordering the defendant to pay the $5,000 as "FEL CASE PD ATTY FEES," and without the private conflict attorney first having complied with the statutory JAC compensation procedures, still would be error. *See generally* § 27.5304, Fla. Stat. (2022) (setting forth the manner in which the JAC compensates private court-appointed counsel).

Based on the foregoing, we reverse the circuit court's written judgment only to the extent that the judgment imposes a $5,000 public defender fee. We remand for the circuit court to either: (1) amend the judgment to reduce the public defender fee to the statutory $100 minimum; *or* (2) give the defendant notice of, and afford the defendant an opportunity to contest, any requested public defender fee exceeding the statutory $100 minimum and, upon a showing of sufficient proof of the higher fees incurred, make factual findings supporting such higher fees, and amend the judgment accordingly; *or* (3) amend the judgment to direct that private appointed counsel may seek his requested $5,000 fee from the JAC pursuant to section 27.5304's procedures for compensation of private court-appointed counsel. *See generally Escobar*, 308 So. 3d at 175-76.

We also direct the circuit court on remand to enter an amended judgment properly indicating the defendant was convicted of violating section 810.02(3)(a), Florida Statutes (2019) ("Burglary is a felony of the

second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084, if, in the course of committing the offense, the offender does not make an assault or battery and _is not and does not become armed with a dangerous weapon or explosive_, and the offender enters or remains in a … [d]welling, and there is another person in the dwelling at the time the offender enters or remains[.]") (emphases added).   The circuit court's original judgment mistakenly indicates the defendant was convicted of violating section 810.02(2)(b), Florida Statutes (2019) ("Burglary is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment or as provided in s. 775.082, s. 775.083, or s. 775.084, if, in the course of committing the offense, the offender … _[i]s or becomes armed within the dwelling, structure, or conveyance, with explosives or a dangerous weapon_[.]").   The defendant had filed a Florida Rule of Criminal Procedure 3.800(b)(2) motion seeking to correct this error, but the circuit court did not address the motion.   Thus, the motion was deemed denied, _see_ Fla. R. Crim. P. 3.800(b)(2)(B), which we reverse.   The defendant need not be present for this ministerial correction.   _See Hughes v. State_, 189 So. 3d 848, 849 (Fla. 4th DCA 2015) ("[T]he judgment does not list the correct statute violations[.]   …   On remand, the judgment orders should be corrected to reflect … the correct statute numbers.   … [The defendant] need not be present when these changes are made.").

_Conviction affirmed, sentence and judgment reversed in part, and remanded with directions._

GROSS and DAMOORGIAN, JJ., concur.

*          *          *

**_Not final until disposition of timely filed motion for rehearing._**